IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
September 21, 2004 Session

## MARJORIE M. KIRKPATRICK v. ROBERT W. O'NEAL

**Appeal from the Circuit Court for Hamilton County
No. 01D290      W. Neil Thomas, III, Judge**

**No. E2003-02604-COA-R3-CV - FILED DECEMBER 15, 2004**

Robert W. O'Neal ("Father") and Sandra K. O'Neal ("Mother") were granted a divorce by the Sumner County Circuit Court in 1986. There were two minor children born of the marriage, and Father was ordered to pay $650 per month in child support. After Mother passed away in June of 1990, the children's maternal grandparents, William and Marjorie Kirkpatrick, were awarded full custody of both children by the Sumner County Chancery Court. In 2001, Marjorie Kirkpatrick ("Petitioner") filed a petition in the Hamilton County Circuit Court seeking to have the previous order requiring Father to pay $650 per month in child support enforced. Petitioner also sought a substantial amount of arrearages. The Hamilton County Circuit Court determined that Father was in arrears a total of $55,063 covering from when Petitioner was awarded custody until June of 2002. Petitioner also was awarded her attorney fees. Father appeals, claiming the original order from the Sumner County Circuit Court requiring him to pay $650 per month in child support had no effect once Mother died. We modify the judgment of the Hamilton County Circuit Court, and affirm as modified.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the
Circuit Court Affirmed as Modified; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

Mitchell A. Byrd, Chattanooga, Tennessee, for the Appellant Robert W. O'Neal.

Robert P. Rayburn, Chattanooga, Tennessee, for the Appellee Marjorie M. Kirkpatrick.

# OPINION

## Background

On November 5, 1986, Father and Mother were granted a divorce in the Sumner County Circuit Court on the ground of irreconcilable differences. The Sumner County Circuit Court approved and adopted a settlement agreement which, among other things, awarded primary residential custody of the O'Neals' then 3 and 4 year old daughters to Mother. Father resided in Texas when the divorce was granted, and he still does today. The agreement also provided that:

> [Father] agrees to pay to [Mother] the sum of Six Hundred Fifty and No/100 ($650.00) Dollars per month for the support, maintenance and care of the parties' minor children. Support payments are to be made by the 15th of each month.
>
> [Father] further agrees to keep medical insurance in effect on the two minor children and to be responsible for any medical bills incurred on behalf of the children which is (sic) not covered by such insurance.…

Unfortunately, Mother passed away on June 12, 1990. On September 13, 1990, the children's maternal grandparents, William and Marjorie Kirkpatrick, were granted full custody of their granddaughters by the Sumner County Chancery Court. They also were "appointed guardians of the persons and guardians of the estates" of the children. Although unclear from the record, it appears Father was in agreement with this custody arrangement inasmuch as he and the Kirkpatricks were the petitioners in the Chancery Court action. While the Chancery Court petition discusses the $650 monthly child support and specifically states that Father desires that the award of child support "stay in effect and he continue to pay that amount", the Chancery Court order made no mention of child support payments.

On February 1, 2001, Petitioner Marjorie Kirkpatrick, who by then lived in Chattanooga, filed a Petition for Full Faith and Credit and to Enforce Child Support in the Hamilton County Circuit Court.[1] Petitioner claimed Father was $72,850 in arrears on his child support payments. Petitioner requested the Hamilton County Circuit Court give full faith and credit to the prior orders of the Sumner County Circuit and Chancery Courts. The petition was amended on several occasions with Petitioner alleging that Father also had refused to provide medical insurance and pay uncovered medical expenses, resulting in a further arrearage of no less than $40,000. Petitioner also sought an award of attorney fees and interest.

---

[1] William Kirkpatrick had passed away by the time this petition was filed.

Father filed a motion to dismiss the petition, arguing that any responsibility he had to Mother to pay child support pursuant to the divorce decree ended with her death. Father also stated:

> The guardianship proceedings have a different docket no. … and is a completely separate proceeding, outside the scope of the divorce … and that the Final Decree of divorce has no relevance to the issues herein involved.
>
> It would further be shown to the Court that there has been no action on the part of the guardianship either in Sumner County or in this Court to establish support to the minor children except for the *Petition for Full Faith and Credit and to enforce Child Support* filed February 1, 2000, under which the father owes no obligation because of the death of the mother.

An order was entered establishing Father's child support obligation as of the date the present petition was filed. This order was based on Father's current income and, in effect, modified the original child support order by increasing the amount due each month. Specifically, Father was ordered to pay a total of $723 per month for both children until May 31, 2001, at which time the oldest child became emancipated. Thereafter, Father was to pay $474 per month until the youngest graduated from high school. Father also was ordered to make monthly payments towards the arrears.

A hearing was held on April 9, 2002, after which the Trial Court entered an Order disposing of several issues and setting forth the following six conclusions:

(1)     Custody and guardianship of the persons and estates of the two (2) minor children were awarded to the respondent and her deceased husband by the Chancery Court of Sumner County, Tennessee in September 1990;

(2)     Based upon the above-referenced decision of the Chancery Court of Sumner County, Tennessee in awarding custody and guardianship of the two (2) minor children to the petitioner and her deceased husband, and the case of *Tennessee Department of Children's Services vs. Hinton*, 660 SW2d 506, Rule 60 of the *Tennessee Rules of Civil Procedure* and the Doctrine of Judicial Estoppel, this is a child support case;

(3)     The Doctrine of Necessities is not applicable to this case;

(4)     Based on the order of Judge Jane Wheatcraft dated November 5, 1986, and paragraph 7 of the petition filed in the Sumner

County Chancery Court on June 29, 1990, the monthly child support owed by the respondent is $650.00 and the gross amount of this obligation before deducting any payments made by the respondent is $85,800.00;

(5)     The respondent is not entitled to a credit against his obligation for child support as a result of any social security payments received by the petitioner on the life of the deceased mother of the two (2) minor children; and

(6)     The real party in interest for maintenance of this cause of action for child support, medical bills incurred by the petitioner, medical bills paid by the respondent, medical insurance premiums incurred by the petitioner and medical insurance premiums paid by the respondent up to the date each minor child attained eighteen (18) years of age or graduated with her regular high school class is the petitioner, Marjorie M. Kirkpatrick.

A trial was held on November 11, 2002 to resolve the remaining issues. The Trial Court concluded that Father should have paid a total of $89,654 from October of 1990 to June of 2002. Because Father also was obligated to maintain health insurance on the children and he did not comply with that obligation, he owed an additional $8,475, thereby bringing the total amount of his child support obligation to $98,129. The Trial Court also found that Father had paid $43,066 in child support payments over the years. After crediting Father with the amount of the payments as proven, the Trial Court entered a judgment for Petitioner in the amount of $55,063. The Trial Court also awarded Petitioner interest from the date the petition was filed and attorney fees incurred in prosecuting the action.

Father appeals claiming the initial order from the Sumner County Circuit Court was not an enforceable child support order due to the death of the mother and because Petitioner took no action to revive that order. Father also claims that the Sumner Court Chancery Court order cannot be interpreted as an order requiring that he pay child support because that order never discusses child support. Father claims that as there was no enforceable order, he cannot be held to be in arrears or to owe any money. Finally, Father claims the Trial Court erred in awarding attorney fees and interest because these items cannot be awarded where there is no arrearage.

### Discussion

The factual findings of the Trial Court are accorded a presumption of correctness, and we will not overturn those factual findings unless the evidence preponderates against them. *See* Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). With respect to legal issues, our review is conducted "under a pure *de novo* standard of review, according no deference

to the conclusions of law made by the lower courts." *Southern Constructors, Inc. v. Loudon County Bd. Of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

As relevant to this appeal, Tenn. Code Ann. § 36-5-101(a)(1) provides that when a marriage is dissolved a court may enter a order providing for the support of the children, with "the order or decree to remain in the court's control." In addition, Tenn. Code Ann. § 36-5-101(a)(5) provides as follows:

> Any order for child support shall be a judgment entitled to be enforced as any other judgment of a court of this state and shall be entitled to full faith and credit in this state and in any other state. Such judgment shall not be subject to modification as to any time period or any amounts due prior to the date that an action for modification is filed and notice of the action has been mailed to the last known address of the opposing parties. If the full amount of child support is not paid by the date upon which the ordered support is due, the unpaid amount is in arrears and shall become a judgment for the unpaid amounts and shall accrue interest from the date of the arrearage at the rate of twelve percent (12%) per annum. All interest which accumulates on arrearages shall be considered child support. Computation of interest shall not be the responsibility of the clerk.

Neither party disputes that when Father and Mother were divorced, there was a valid order by the Sumner County Circuit Court requiring Father to pay child support in the amount of $650 per month. Father's primary argument on appeal is that his obligation to pay child support arising from that order ended with Mother's death. Taking an inconsistent position, as allowed, Father then claims that Petitioner was required within ninety days to file a motion to be substituted as the proper party in the Sumner County Circuit Court action, something she never did. More specifically, Father claims Petitioner was required to file a motion to be substituted as the proper party in interest pursuant to Tenn. R. Civ. P. 25.01, which provides as follows:

> **25.01. Death. –** (1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of process. Unless the motion for substitution is made not later than ninety (90) days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

(2) In the event of the death of one or more of the plaintiffs or of one or more of the defendants in an action in which the right sought to be enforced survives only to the surviving plaintiffs or only against the surviving defendants, the action does not abate. The death shall be suggested upon the record and the action shall proceed in favor of or against the surviving parties.

We first will address Father's claim that his obligation to pay child support ended upon Mother's death. In his brief, Father's only legal argument on this point is the very broad statement that "[t]he duty of support generally ends with the death of a parent." Father cites no case law supporting his interpretation that this statement applies when it is the recipient of the child support who dies. This Court did locate the case of *Wendell v. Sovran Bank/Central South*, 780 S.W.2d 372 (Tenn. Ct. App. 1989) wherein we stated that the "applicable rules are the duty of a parent to support a child ends at majority or the parent's death." *Id.* at 373-74. This statement, however, clearly refers to the death of the obligor parent, i.e., the parent paying the child support.

A parent's legal obligation to provide support for his or her children does not end with the death of the *other* parent. As a practical matter, if a non-custodial parent defies a court order requiring payment of child support and the custodial parent dies, it is unlikely that an action to recover arrearages will be filed in those cases where the non-custodial parent then assumes the role of custodial parent and primary caregiver. In the present case, however, Father never assumed the role of custodial parent and primary caregiver for his children after the death of Mother. That responsibility was undertaken by Petitioner, apparently with Father's consent.

When determining the amount of Father's child support obligation and corresponding arrearage, the Trial Court began by calculating the child support that should have been paid under the Sumner County Circuit Court order beginning in October of 1990, which was one month after Petitioner was awarded custody. Accordingly, no determination ever was made regarding the amount Father owed, if any, for child support arrearages which accrued while Mother was alive. While Father's duty to pay the child support *to Mother* may have ended upon her death, Father still had a legal obligation to support his children, and the duty to send that support to Petitioner arose once she was awarded custody. The purpose of court ordered child support is to benefit the child. Without question, the child is the ultimate beneficiary of any child support awarded. Therefore, Father's two minor children are the ultimate beneficiaries of the child support awarded in the Sumner County Circuit Court order. We also note that the Trial Court correctly found that paragraph seven of the petition filed in the Sumner County Chancery Court, a petition sworn to by Father, stated that "it is his desire that the said portion of the Decree ( i.e., the Sumner County Circuit Court divorce decree) as regards support stay in effect and he continue to pay that amount." Father's request contained in his sworn petition filed with the Sumner County Chancery Court clearly reflects his acknowledgment that the beneficiaries of the court ordered child support are his two minor children. This child support was an obligation owed by Father directly to Petitioner which arose because: (1) he is the children's father; (2) the order of the Sumner County Circuit Court set Father's child support; and (3) Petitioner had full custody of his children. This is and remains so even though the

Sumner County Chancery Court's order was silent on the matter of child support when Petitioner was awarded custody of the children.

As noted previously, when a court enters an order for child support, that particular court retains jurisdiction over support issues pursuant to Tenn. Code Ann. § 36-5-101(a)(1). Recently, in *Rider v. Rider*, No. M2002-00556-COA-R3-CV, 2003 Tenn. App. LEXIS 724 (Tenn. Ct. App. Oct. 15, 2003), *no appl. perm. appeal filed*, we observed the statutory language to the effect that when a marriage is dissolved and a child support order is entered, the support order is "to remain in the court's control." We then stated:

> It is well settled that this statute vests continuing and exclusive jurisdiction for the modification or enforcement of support orders, made pursuant to a divorce decree, with the original issuing court.[2] Further, the issuing court is not divested of this continuing jurisdiction by the death of a party. *Jarvis v. Jarvis*, 664 S.W.2d 694, 696 (Tenn. Ct. App. 1983).

*Rider v. Rider*, 2003 Tenn. App. LEXIS 724, at * 7 (footnote in original).

In light of the foregoing, we conclude that the Trial Court had the power to enforce the child support order of the Sumner County Circuit Court requiring Father to pay $650 per month in child support. However, we also conclude that the Trial Court was without jurisdiction to modify that order by increasing the amount of child support to be paid in the future. The Trial Court modified Father's child support payment by increasing it $73 per month for a period of four months for a total increase of $292. Thereafter, because one of the children became emancipated, the child support was decreased to $474 per month until the youngest child graduated from high school. Because the Trial Court was without jurisdiction to increase Father's child support payment, the judgment against Father must be reduced by $292.

Whether the Trial Court had the power to lower Father's child support to $474 per month as a result of the emancipation of the oldest child poses a more difficult scenario. On appeal, Petitioner does not argue that the Trial Court impermissibly modified the original order when it lowered Father's child support payment to $474 per month because the oldest child attained majority. Since we will not create an issue where one otherwise does not exist, for that reason alone we affirm the lowering of Father's child support payment to $474 per month. We also note that the Sumner County Circuit Court's order provided that the $650 per month was "for the support, maintenance

---

[2] *See, e.g., Hoyle v. Wilson*, 746 S.W.2d 665, 671 (Tenn. 1988) ("The Circuit Court of Davidson County has continuing jurisdiction over custody, support, contempt and other collateral matters that may arise subsequent to a divorce decree entered in that court."); *Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977) ("A court in which an action is brought and which renders a decree respecting the care, custody and support of minor children continues to have jurisdiction of such matters until the children reach majority."); *Morrissey v. Morrissey*, 377 S.W.2d 944, 945 (Tenn. 1964) ("In this State, every divorce decree, wherein an order is made for the support and maintenance of the wife and children, by statute remains in the court wherein the divorce decree was granted.").

and care of the parties' *minor children.*" (emphasis added). As the Trial Court was faced with a situation where only one child would be a "minor child", the Trial Court's modification by reducing the child support payment to $474 per month because the oldest child obtained majority is, to a large extent, only the enforcement of the Sumner County Circuit Court order based upon there now being only one minor child.

In light of our resolution of these issues, any remaining issues as raised by Father are pretermitted. The total judgment against Father was $80,020.75, including attorney fees, expenses and interest awarded to Petitioner. We hereby modify that judgment to $79,728.75. In all other respects, the judgment of the Trial Court is affirmed.

### Conclusion

The Judgment of the Trial Court is affirmed as modified, and this cause is remanded to the Trial Court for collection of the costs below. Costs on appeal are assessed against the Appellant Robert W. O'Neal, and his surety.

_____
D. MICHAEL SWINEY, JUDGE