**TENNESSEE DEPARTMENT OF HUMAN SERVICES, Assignee of Alberta Kimble, Plaintiff-Appellee,**

v.

**James Leroy HINTON, Defendant-Appellant.**

Court of Appeals of Tennessee, Western Section.

Aug. 17, 1983.

Application for Permission to Appeal Denied Oct. 31, 1983.

Richard J. Ryan, Jr., Memphis, for defendant-appellant.

Harold Horne, Memphis, for plaintiff-appellee.

CRAWFORD, Judge.

In this paternity suit brought by the Tennessee Department of Human Services (TDHS) as assignee of Alberta Kimble (the mother) pursuant to Tenn.Code Ann. § 36–224 (1977), against the putative father James Leroy Hinton (the defendant), a jury found that the defendant was the father of the minor child, Warren Leechone Kimble (the minor child), born to Alberta Kimble. Defendant appeals.

The facts of the case are not complicated. Both parties agree that they had sexual relations with each other on only one occasion which by an ironic twist of fate happened to be Valentine's Day, 1973. The mother went to defendant's house to wait for a ride to a high school "Sweetheart" dance on the evening of February 14, 1973; and while waiting for the ride they had sexual intercourse. The mother testified that between December, 1972, and May, 1973, she had no other sexual relations. The minor child was born November 12, 1973, and in December, 1973, the mother began to receive food stamps continuously until she became employed on October 1, 1981.

On November 15, 1977, TDHS as assignee filed a petition in the Juvenile Court of Memphis, Shelby County, Tennessee, averring, among other things, that the defendant was the father of the mother's minor child born November 12, 1973, and that "said child is [a] public charge." The case was transferred to the Circuit Court and proceeded to trial.

Defendant moved to dismiss the case because: (1) the mother was not receiving public assistance and the child was not then a public charge although he was a public charge at the time the suit was filed; and (2) the action was barred by the two-year statute of limitation provided in Tenn.Code Ann. § 36–224. The court overruled both motions, and the case proceeded to trial

before the jury. The jury returned a verdict finding the defendant the father of the minor child. The defendant submitted and the court refused to charge one special request for instruction:

> You are instructed that in order to find in favor of the plaintiff, you must find that as a matter of fact that Warren Leechone Kimble is, or is liable to become, a public charge.

Defendant filed a motion to set aside the jury verdict and to enter a directed verdict or in the alternative for a new trial. The grounds alleged are:

> 1. That the parties have stipulated, and that it is therefore undisputed, that the child, Warren Leechone Kimble, was not at the time of the trial of this matter a public charge, and therefore, the Tennessee Department of Human Services as assignee of Alberta Kimble had no standing to bring this matter to court.
>
> 2. That the child, Warren Leechone Kimble, was born on November 12, 1973, and this Petition was not filed until September 30, 1977, more than two (2) years after the birth of the child and beyond the Statute of Limitations set out by T.C.A. 36–224.
>
> 3. In the alternative, should this Honorable Court decide not to set aside the verdict, James Leroy Hinton would move that he be granted a new trial on the ground that this Honorable Court failed to properly charge the jury as per the written request of James Leroy Hinton that there needed to be a finding of fact that Warren Leechone Kimble "is or is liable to become a public charge."

The court overruled the motion of defendant resulting in this appeal and of the four issues presented for review three are established by the grounds of the motion filed by defendant set out above.

### ISSUES

1. Whether, under an action filed by TDHS, pursuant to Tenn.Code Ann. § 36–224, a child must be a public charge at the time of trial.

■ We hold that the child does not have to be a public charge at the time of the trial.

The pertinent part of Tenn.Code Ann. § 36–224 is as follows:

> (1) A petition to establish paternity of a child, to change the name of the child if it is desired, and to compel the father to furnish support and education for the child in accordance with this chapter may be filed by the mother, or her personal representative, or, if the child is likely to become a public charge by the state department of human services or by any person. Said petition may be filed in the county where the mother or child resides or is found or in the county where the putative father resides or is found. The fact that the child was born outside this state shall not be a bar to filing a petition against the putative father. After the death of the mother or in case of her disability said petition may be filed by the child acting through a guardian or next friend.
>
> (2) Proceedings to establish the paternity of the child and to compel the father to furnish support and education for the child may be instituted during the pregnancy of the mother or after the birth of the child, but shall not be brought after the lapse of more than two (2) years from the birth of the child, unless paternity has been acknowledged by the father in writing or by the furnishing of support. Provided, however, that the department of human services or any person shall be empowered to bring a suit in behalf of any child under the age of eighteen (18) who is, or is liable to become a public charge.

Tenn.Code Ann. § 36–224 (1977).

■ The statute quite clearly states that TDHS may file its suit to establish paternity and support at any time while the child is a minor if the child is a public charge or is liable to become a public charge. The relief to be afforded on petition to establish paternity and support is set out in Tenn. Code Ann. § 36–229 (1977), the pertinent part of which is as follows:

■ The order of paternity and support shall specify the sum to be paid weekly or otherwise, until the child reaches the age of eighteen (18). In addition to providing for the support and education, the order shall also provide for the payment of the necessary expenses incurred by or for the mother in connection with her confinement and recovery; for the funeral expenses if the child has died; *for the support of the child prior to the making of the order of paternity and support;* and such expenses in connection with the pregnancy of the mother as the court may deem proper.

Tenn.Code Ann. § 36–229 (1977) (emphasis added).

Thus, the defendant is liable upon establishment of paternity for the support of the child from and after its birth. When this support is furnished by TDHS any such support obligation which is owed for the child up to the amount of public assistance money paid on behalf of the child is assigned to TDHS. *See* Tenn.Code Ann. § 14–8–124 (Cum.Supp.1982).

■ By virtue of the statutes set out above, this court feels that the jury is not required to find that the child is a public charge at the time of the trial. On the contrary, all that is necessary is a finding that the child is or is likely to become a public charge at the time the proceedings are instituted. There was no dispute that this child was a public charge at the time the proceedings were instituted. Therefore, there was no necessity for the jury to consider a conceded fact. The trial court correctly overruled the motion to dismiss based on the ground that the child was not a public charge at the time of trial and correctly refused to charge the special request for instruction submitted by the defendant.

2. Whether the court should have dismissed the case as being barred by the two-year statute of limitation as set out in Tenn.Code Ann. § 36–224.

■ This two-year statute of limitation was recently held unconstitutional as a denial of equal protection in *Pickett v. Brown,* —— U.S. ——, 103 S.Ct. 2199, 76 L.Ed.2d 372 (1983), and therefore this issue is no longer viable in this state.

Issue No. 3 concerns the special request for instruction which was refused and which we have now covered heretofore in connection with Issue No. 1.

On appeal, the defendant has raised the additional issue of whether the provision of Section 36–224(2), that a paternity suit may be brought at any time during the minority of a child who is or is liable to become a public charge, is a denial of a putative father's due process and equal protection rights.

■ This question was expressly not addressed by our Supreme Court in *Pickett v. Brown,* 638 S.W.2d 369, 380 n. 6 (Tenn. 1982).

The defendant asserts that a putative father's right to a forum to present his case is fundamental under *Tennessee Department of Human Services v. Patterson,* 605 S.W.2d 541 (Tenn.1980), and that a statute restricting a fundamental right must withstand the "strict scrutiny" test. *City of Memphis v. International Brotherhood of Electrical Workers,* 545 S.W.2d 98, 102 (Tenn.1976). We do not question these assertions by defendant but we do question their application to this case. The statute does not restrict a putative father's right to a forum to defend himself. The forum is readily available, and the putative father is afforded every opportunity to make such defenses as he desires. Moreover, the defendant has cited us no authority, nor do we have any authority for the proposition that a putative father has a fundamental or constitutional right to a period of limitation in which paternity actions must be brought against him. It is the sole prerogative of the legislature to provide a limitation of action period. *See* 51 Am.Jur.2d *Limitation of Actions,* §§ 1 and 12 (1970). Actual practice establishes that generally the only party complaining of a statute of limitation is that party who has an action barred.

■ While the defendant has raised the equal protection issue, he has not argued

the point in his brief. Nevertheless, we feel the assertion is without merit. While the Tennessee Supreme Court did not specifically decide the constitutionality of this 18-year exception to the limitation period, it said in *Pickett:*

> If the mother comes to a point where she requires public assistance in order to support the child, the state and its tax payers acquire an interest which they did not previously have, which accounts for the statute's exception for actions brought by the state.

*Id.* at 380.

We feel that the state has a compelling interest to protect its citizens and tax payers from the obligation of supporting the children of those who are capable of furnishing such support. The defendant may make all legitimate defenses to the petition including the defense of laches, which if established, will protect the defendant from stale claims in which defense cannot be made. Thus, the allowance of this period of time for determining the putative father of a child is not in violation of basic constitutional rights of the defendant. It is also noted that the statute does not treat putative fathers of illegitimate children differently than fathers of legitimate children insofar as support is concerned. In fact they are treated equally in that they may be sued for support until the child reaches majority. *See Garey v. Garey,* 482 S.W.2d 133, 135 (Tenn.1972). Thus, putative fathers are not victims of disparate treatment as a class by the state, which is a necessary element of a claim of violation of equal protection rights. *See Califano v. Boles,* 443 U.S. 282, 295, 99 S.Ct. 2767, 2774, 61 L.Ed.2d 541 (1979).

Therefore, we find the defendant's due process and equal protection arguments without merit and accordingly affirm the action of the trial court and remand this case for such other proceedings as necessary. The costs of the appeal are adjudged against the defendant.

TOMLIN, J., and SUMMERS, Special Judge, concur.