IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
January 4, 2006 Session

# MARJORIE M. KIRKPATRICK v. ROBERT W. O'NEAL

**Appeal by Permission from the Court of Appeals
Circuit Court for Hamilton County
No. 01D290     W. Neil Thomas, III, Judge**

**No. E2003-02604-SC-R11-CV - Filed on July 10, 2006**

We took this case to address whether the child support obligation of a non-residential parent continues after the death of a residential parent when custody is awarded to another party. We conclude that a non-residential parent's obligation to support a minor child continues until the child reaches majority, no matter who retains custody of the child. The duty of support is owed to the child and may be paid to a custodian on behalf of that child. Because parents owe child support regardless of the existence of a court order to that effect, third party custodians are entitled to retroactive child support from the date a child is legally placed in their custody. This action is affirmed as modified and remanded to the trial court for further proceedings consistent with this opinion.

**Tenn. R. App. P.  11 Appeal by Permission; Judgment of the
Court of Appeals Affirmed as Modified; Remanded to the Circuit Court.**

CORNELIA A. CLARK, J., delivered the opinion of the court, in which WILLIAM M. BARKER, C.J., E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., and JANICE M. HOLDER, JJ., joined.

Mitchell A. Byrd, Chattanooga, Tennessee, for the Appellant Robert W. O'Neal.

Robert P. Rayburn, Chattanooga, Tennessee, for the Appellee Marjorie M. Kirkpatrick.

**OPINION**

**FACTS**

Robert W. O'Neal, the Defendant/Appellant ("Father") and Sandra K. O'Neal ("Mother") were granted a divorce in the Sumner County Circuit Court ("the Original Court") in 1986. As part

1

of the irreconcilable differences divorce, the Original Court adopted a Property Settlement Agreement which awarded primary custody of the O'Neals' three- and four-year-old daughters to Mother. The agreement obligated Father to pay Mother $650 per month in child support and to maintain medical insurance for the benefit of the minor children. At the time of the divorce, and continually since then, Father resided in Texas. At the time of the divorce, Mother resided in Sumner County, Tennessee.

On June 12, 1990, Mother died. The children's maternal grandparents, William and Marjorie Kirkpatrick, immediately took physical possession of them. On September 13, 1990, in Sumner County Chancery Court ("the Second Court"), the grandparents were granted full custody of their granddaughters and were also "appointed guardians of the persons and guardians of the estates" of the children. Father joined the Kirkpatricks' petition seeking guardianship. The petition, signed by all three petitioners, explicitly recognized that Father had a continuing obligation to pay child support and further stated specifically that Father desired that the prior award of child support "stay in effect and he continue to pay that amount." However, the Second Court's order granting custody to the grandparents did not mention child support payments.

Father made subsequent child support payments to the grandparents, but the payments were irregular. Sometime during the next decade, the grandparents moved to Chattanooga, Tennessee. Mr. Kirkpatrick later died.

On February 1, 2001, petitioner Marjorie Kirkpatrick ("Grandmother") filed in the Hamilton County Circuit Court ("the Trial Court") a Petition for Full Faith and Credit and to Enforce Child Support. Prior to final hearing, the petition was amended several times to include allegations that Father had also refused to provide medical insurance and to pay uncovered medical expenses. Grandmother also sought an award of attorney's fees and interest.

Father filed a motion to dismiss the petition, asserting that his obligation to pay child support to Mother, pursuant to the divorce decree, ended with her death. He further noted that the guardianship proceedings did not contain an order to pay support, and therefore there was no valid court order to give full faith and credit or to enforce.

On September 10, 2001, the Trial Court entered an order establishing Father's child support obligation as of the February 2001 date on which Grandmother filed her petition. The order was based on Father's then-current income and purported to modify the Original Court's child support order. Specifically, Father was ordered to pay a total of $723 per month for both children until May 31, 2001, at which time the older child became emancipated. Thereafter, Father was ordered to pay $474 per month until the younger child graduated from high school. Father was also ordered to make monthly payments toward the arrears, which were determined to be $4,314.

A hearing was held on April 9, 2002, to determine whether Father owed support for his children for the time period before the petition was filed. The Trial Court entered an order disposing of several issues and making the following findings:

(1)     Custody and guardianship of the persons and estates of the two (2) minor children were awarded to the respondent and her deceased husband by the Chancery Court of Sumner County, Tennessee in September 1990;

(2)     Based upon the above-referenced decision of the Chancery Court of Sumner County, Tennessee in awarding custody and guardianship of the two (2) minor children to the petitioner and her deceased husband, and the case of *Tennessee Department of Children's Services vs. Hinton*, *660 SW 2d 506*, Rule 60 of the *Tennessee Rules of Civil Procedure* and the Doctrine of Judicial Estoppel, this is a child support case;

(3)     The Doctrine of Necessities is not applicable to this case;

(4)     Based on the order of Judge Jane Wheatcraft dated November 5, 1986, and paragraph 7 of the petition filed in the Sumner County Chancery Court on June 29, 1990, the monthly child support owed by the respondent is $650.00 and the gross amount of this obligation before deducting any payments made by the respondent is $85,800.00;

(5)     The respondent is not entitled to a credit against his obligation for child support as a result of any social security payments received by the petitioner on the life of the deceased mother of the two (2) minor children; and

(6)     The real party in interest for maintenance of this cause of action for child support, medical bills incurred by the petitioner, medical bills paid by the respondent, medical insurance premiums incurred by the petitioner and medical insurance premiums paid by the respondent up to the date each minor child attained eighteen (18) years of age or graduated with her regular high school class is the petitioner, Marjorie M. Kirkpatrick.

On November 11, 2002, another hearing was held to resolve the remaining issues. The Trial Court concluded that Father's total child support obligation from October 1990 to June 2002 was $89,654. The Trial Court also found that Father owed an additional $8,475 for failure to maintain health insurance on the children. The Trial Court further found, however, that during the years in question Father had paid $43,066 in child support. Crediting Father with the amount of these payments, the Trial Court ultimately entered a judgment for Grandmother in the amount of $55,063. The Trial Court also awarded Grandmother interest from the date the petition was filed and attorney's fees.

3

Father appealed, asserting that the initial child support order issued by the Original Court was not enforceable because Mother died and Grandmother took no action to revive the order. Since the Second Court's order did not require the payment of child support, Father asserted that he could not be held to owe any money or be in arrears on any payments. Finally, Father claimed the Trial Court erred in awarding attorney's fees and interest because these items may not be awarded where there is no arrearage to be enforced.

The Court of Appeals affirmed the Trial Court's holding that it had the power to enforce the child support order of the Original Court. The Court of Appeals reversed the holding of the Trial Court that it had jurisdiction to modify that order to increase the amount of future child support.

Father now appeals to this Court, asserting that the original support order is not enforceable after the death of Mother; the Original Court's order was superseded by the Second Court's order granting guardianship and that the Court of Appeals' reliance on the Original Court's order is therefore misplaced; this is a case for necessities owed to Grandmother, and not child support; and enforcement of the original child support order constitutes retroactive modification of child support in contravention of Tennessee Code Annotated section 36-5-101(1)(5) (2001) (amended 2005)[1].

## STANDARD OF REVIEW

Factual findings of a trial court are accorded a presumption of correctness, and we will not overturn those factual findings unless the evidence preponderates against them. See Tenn. R. App. P. 13(d); Bogan v. Bogan, 60 S.W.3d 721, 727 (Tenn. 2001). With respect to legal issues, our review is conducted de novo, according no deference to the conclusions of law made by lower courts. See Tenn. R. App. P. 13(d); Campbell v. Florida Steel Corp., 919 S.W.2d 26, 35 (Tenn. 1996). Statutory interpretation is a question of law, which we review de novo, with no presumption of correctness afforded the courts below. Wallace v. State, 121 S.W.3d 652, 656 (Tenn. 2003).

## ANALYSIS

The primary issue in this appeal is whether a non-custodial obligor parent owes child support after the obligee parent dies and a third party is appointed custodian[2] of the minor children. Father asserts that the child support order entered in the Original Court was terminated by the death of Mother in 1990. While he concedes that he owes some amount of money to the guardian (Grandmother), Father contends that she is entitled to receive from him only the expenditures she

---

[1] Most of the statutory citations throughout this opinion refer to the 2001 version of the code, as noted. These sections have since been amended.

[2] The term "custodian" or "custody" is used throughout this opinion to mean legal authority over a child, whether in the form of custody, guardianship, or some other court order.

4

can prove as "necessities"[3] and not child support for the time she retained custody of the children. We disagree.

In Tennessee, children have a right of support from both parents, who are "equally and jointly charged with their care, nurture, welfare, education and support." Tenn. Code Ann. § 34-1-102(a) (2001) (amended 2005). Parents have a duty to support their children according to their means and ability until the children reach majority.[4] Tenn. Code Ann. § 34-1-102(a), (b) (2001) (amended 2005). Parents may be sued for support of a child until the child reaches majority. Id.; see also Garey v. Garey, 482 S.W.2d 133, 135 (Tenn. 1972).

Father argues that a finding of support owed to Grandmother in this case would constitute retroactive modification of a child support order, in contravention of Tennessee Code Annotated section 36-5-101(a)(5) (2001) (amended 2005).[5] We disagree, finding that Grandmother's petition should be treated as a petition to *set* child support rather than a petition to modify an existing order. See State ex rel Ogelsby v. Bridges, No. E2004-01675-COA-R3-CV, 2005 WL 1160313, at *4 (Tenn. Ct. App. May 17, 2005). In Ogelsby, the Court of Appeals held that because a mother's petition constituted a petition to set child support, and not to modify a support order, it was proper for the trial court to order the father to pay retroactive child support from the date mother obtained custody. Id. at *4; see also Miller v. Kelk, No. E2003-02180-COA-R3-JV, 2005 WL 1669849, at *5 (Tenn. Ct. App. July 18, 2005) (requiring a parent to pay retroactive child support for the time period that the parties' minor child was in the custody of the other parent). Although both Ogelsby and Miller are paternity cases, we find that no distinction should be made in cases involving legitimate children. The policies articulated in these paternity suits should apply equally to cases involving legitimate children, since one category of children should not be treated differently from another. The existence of a child support order prior to the time Grandmother obtained custody of

---

[3] The doctrine of necessities is a type of equitable relief granted to custodial parents or third parties and entitles these parties to bring an independent action for reimbursement from the non-custodial parent for moneys expended in raising a minor child or children. See Coleman v. Coleman, 229 S.W.2d 341, 343 (Tenn. 1950).

[4] If the child is still in high school upon reaching age eighteen, the duty continues until the child graduates from high school or the class of which the child is a member when he or she turns eighteen graduates, whichever occurs first. Tenn. Code Ann. § 34-1-102(b) (2001) (amended 2005). The duty of support may continue indefinitely when a child is disabled prior to reaching the age of majority and may be contractually extended beyond the death of the obligor parent or after the child reaches the age of majority. See JANET LEACH RICHARDS, RICHARDS ON TENNESSEE FAMILY LAW, §10-2 (2d ed. 2004).

[5] Tennessee Code Annotated section 36-5-101(a)(5) (2001) (amended 2005) provides, in part: "[a]ny order for child support shall be a judgment entitled to be enforced as any other judgment of a court of this state and shall be entitled to full faith and credit in this state and any other state. *Such judgment shall not be subject to modification* as to any time period or any amounts due prior to the date that an action for modification is filed and notice of the action has been mailed to the last known address of the opposing parties." (emphasis added).

the children is immaterial to the issue presently before us.[6] Ogelsby, 2005 WL 1160313 at *4.

Tennessee courts have long held that the duty to support continues even when the child is placed in the third party custody of the State. Tenn. Dep't of Human Svcs. v. Hinton, 660 S.W.2d 506, 510 (Tenn. Ct. App. 1983). This duty was codified in Tennessee Code Annotated section 37-1-151 (2005) (effective July 1, 2002), which provides for the application of the child support guidelines where the State has custody of a child and seeks support from one or both parents. The right to support for a child in the third party custody of the State begins at the time the State obtains custody of a minor child. State v.Wilson, 132 S.W.3d 340, 342 (Tenn. 2004). We also held that the burden to set child support is on the trial court. Id. at 343; see also Tenn. Code Ann. § 37-1-151(b)(2) (2005).

In Wilson, we noted that "[n]o court order need be entered" to obligate a parent to support his or her child during their minority. 132 S.W.3d at 343; see also Varney v. Louise, No. M2000-03234-COA-R3-CV, 2001 WL 1480524, at *7 (Tenn. Ct. App. November 21, 2001) (holding that a parent's obligation to support his or her children during their minority exists even in the absence of a court order). Although we have not squarely addressed the issue previously, the Court of Appeals has also held that an award of support for a minor child should be applied retroactively to the time the custodial parent was granted custody. State v. Harrell, No. E2001-01710-COA-R3-CV, 2002 WL 31011260, at *1 (Tenn. Ct. App. September 3, 2002). We agree with the Court of Appeals and hold that a parent is liable for the support of his or her child throughout minority, with or without the existence of a court order, and that parents are liable for support retroactively from the date custody is granted to another person.

While custody is usually granted to a parent, there are often cases in which custody is obtained by the State or granted to a private third party. Father contends that Mother's death relieved his obligation to pay child support, but as previously noted, Father's duty to support his children exists throughout their minority. Although we have never before addressed this precise issue, the Court of Appeals has held that a child's grandmother, as legal custodian, was entitled to bring an action for child support against a parent and on behalf of the minor child. In re Linville, No. M2000-01097-COA-R3-CV, 2000 WL 1785991, at *6 (Tenn. Ct. App. December 7, 2000). The intermediate court noted that "[a] 'child is entitled to support regardless of where [she] lives. The [parent's] duty of support is owed to the child, not to the [other parent].'" Id. (citing Pickett v. Brown, 462 U.S. 1, 16 n.15 (1983); Hite v. Hite, No. 03A01-9511-CV-00410, 1996 WL 600333, at *3 (Tenn. Ct. App. October 16, 1996)). We agree and hold that a parent's duty to support his or her child is owed to the child and continues until the age of majority, no matter where or with whom the child lives.

---

[6] Both parties concede the validity of the Second Court's order awarding custody and guardianship of the minor children to Grandmother. Because we conclude that Grandmother's petition was one to set support, and not to modify an existing support order, we need not consider the continuing validity of the support order entered pursuant to the Original Court's divorce decree between Mother and Father, nor are we required to opine on the otherwise difficult jurisdictional questions arising from the procedural history in this case.

We conclude, as did the Court of Appeals in this case, that an obligor parent's duty of support to his or her children does not end upon the death of the obligee parent. Furthermore, this obligation exists with or without the mandate of a court order. The duty to support is ultimately owed to the minor child and is paid to an obligee parent or custodial third party on behalf of the child. We further hold that parents are liable to private third parties for child support retroactive from the date their children are placed in third party custody. Because we find that Grandmother's petition should be treated as one to set child support, Father is liable for the support of his minor children retroactive from the date they were placed in Grandmother's custody. We are required to remand this independent, original cause to the Trial Court for a calculation of the amount of support owed to Grandmother from the date she obtained custody of the children, September 13, 1990.

By remanding, this Court does not intend to express an opinion regarding the sufficiency of the amount of support, reimbursement for medical insurance, or of attorney's fees and interest awarded by the lower courts in this case. We note, however, that "[i]n cases involving the custody and support of children, . . . it has long been the rule in this State that counsel fees incurred on behalf of minors may be recovered when shown to be reasonable and appropriate." Deas v. Deas, 774 S.W.2d 167, 169 (Tenn. 1989). Further, we note that on remand, the Trial Court should consider application of the child support guidelines to determine the amount of support due Grandmother[7], including the guideline providing that "if the obligor is not providing health insurance for the child(ren), an amount equal to the amount necessary for the obligee to obtain such insurance shall be added to the percentage calculated in the above rule." Tenn. Comp. R. & Regs. ch. 1240-2-4-.04(1)(a).

## CONCLUSION

The laws of this State clearly require parents to support their children until they reach the age of majority, no matter who obtains custody of the children. Father is obligated to pay support to Grandmother, for the benefit of his children, retroactive from the date she was awarded custody of the children.

Any remaining issues are pretermitted. The judgment of the Court of Appeals is affirmed as modified. This cause is remanded to the Trial Court for the calculation of support owed pursuant to this opinion and for the collection of costs. Costs on appeal are assessed to the Appellant, Robert W. O'Neal, and his surety, for which execution may issue if necessary.

_____
CORNELIA A. CLARK, JUSTICE

---

[7] In Berryhill v. Rhodes, 21 S.W.3d 188, 192-94 (Tenn. 2000), this Court provided a framework for determining how a court should resolve issues involving retroactive child support.