IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
ASSIGNED ON BRIEF NOVEMBER 29, 2006

## STATE OF TENNESSEE ex rel., ELIZABETH WRAY v.
## KELLY COLLINS

### Direct Appeal from the Juvenile Court for Gibson County
### No. 8093A      Robert W. Newell, Judge

---

### No. W2006-00119-COA-R3-JV - Filed March 20, 2007

---

This appeal involves a series of cases – a paternity action, a dependency and neglect proceeding, and the present case, a petition to establish paternity and set child support. The first paternity suit had been dismissed by the mother after genetic testing had taken place, but before the court entered an order of parentage. During subsequent dependency and neglect proceedings, a grandmother had received temporary custody of the child. Finally, the State of Tennessee filed this case on the grandmother's behalf to establish paternity and collect child support from the child's biological father. The father insisted that he had never been properly served in the dependency and neglect proceeding, so the trial court dismissed the State's petition. For the following reasons, we reverse and remand.

### Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Juvenile Court Reversed and Remanded

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Paul G. Summers, Attorney General and Reporter, Warren Jasper, Assistant Attorney General, Nashville, TN, for Appellant, State of Tennessee ex rel., Elizabeth Wray

No Appearance for Appellee, Kelly Collins

### OPINION

### I. FACTS & PROCEDURAL HISTORY

In 2003, Lisa Riggins ("Mother") filed a Petition to Establish Paternity in the Juvenile Court of Gibson County alleging that Kelly Collins was the natural father of her child ("R.E.R."). Mother also requested that Mr. Collins be ordered to pay child support if he was found to be the father. The court ordered the parties to submit to parentage testing, and the test showed a 99.99% statistical

probability that Mr. Collins was R.E.R's father. However, following the parentage test, the case was dismissed at Mother's request. The court never entered an order declaring Mr. Collins to be the father, and child support was not addressed.

On April 28, 2005, the Department of Children's Services ("DCS") filed a petition in the Juvenile Court of Gibson County alleging that R.E.R. and Mother's two other children were dependent and neglected. According to the petition, Mr. Collins's whereabouts were "currently unknown," and Mother's house had no electricity, heat, or running water. The petition also stated that Mother had taken a drug test that tested positive for methamphetamine. DCS requested that Thomas and Elizabeth Wray ("Grandmother") be awarded temporary custody of the children.

On the same date, the juvenile court entered a protective custody order placing temporary custody of the children with Grandmother. After a preliminary hearing, the court entered a preliminary order appointing a guardian ad litem for the children, appointing attorneys for each of the parents, and again awarding temporary custody to Grandmother. Another hearing was held in June of 2005, and thereafter, the court entered an order finding that the children were dependent and neglected. The court ordered DCS to prepare a home study of Mother's home, but temporary custody of the children was to remain with Grandmother subject to further orders of the court.

On September 20, 2005, the State of Tennessee filed the present case in the Gibson County Juvenile Court on behalf of Grandmother pursuant to Tenn. Code Ann. § 71-3-124(c), seeking to establish the paternity of Mr. Collins and to have child support set for R.E.R.

On November 9, 2005, the court took further action in the dependency and neglect proceedings, restoring custody of the children to Mother because she had cooperated and complied with all Targeted Case Management services offered to her, and she had tested negative on random drug screens.

In December, the juvenile court held a hearing on the State's petition brought on behalf of Grandmother to establish paternity and set child support. Mr. Collins appeared and informed the court that he had never received notice of the earlier dependency and neglect proceedings. The juvenile court subsequently entered an order dismissing the petition to establish paternity and set support, with the following explanation:

> The Court finds that this matter shall be dismissed due to the fact that [Grandmother] received custody pursuant to a dependent and neglect action in which [Mr. Collins] was named as a party yet never received notice. Therefore, the Court finds that due to the lack of notice on the dependent and neglect action, [Grandmother] does not have standing to pursue support in this action for the period of time that she had the minor child pursuant to the dependent and neglect action.

Although the order does not explain the court's reasoning in also dismissing the issue of paternity, at the hearing the judge had explained that the State, acting on behalf of Grandmother, had no

standing to establish paternity. The judge stated that "[Mr. Collins] or the mother" can establish paternity.

The State filed a notice of appeal on behalf of Grandmother on January 4, 2006.

## II. ISSUES PRESENTED

1.      Whether paternity and child support should have been established before the trial court summarily disposed of the State's petition.

For the following reasons, we reverse the decision of the juvenile court and remand for further proceedings.

## III. STANDARD OF REVIEW

A trial court's factual findings are presumed to be correct, and we will not overturn those factual findings unless the evidence preponderates against them. Tenn. R. App. P. 13(d) (2006); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). We review a trial court's conclusions of law under a *de novo* standard upon the record with no presumption of correctness. *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993) (citing *Estate of Adkins v. White Consol. Indus., Inc.*, 788 S.W.2d 815, 817 (Tenn. Ct. App. 1989)).

## IV. DISCUSSION

### A.    Standing to File an Action to Establish Paternity

If a mother and father affirmatively acknowledge their parentage of a child, a court may enter an order of parentage upon their agreement, or the court may order genetic testing on its own motion. Tenn. Code Ann. § 36-2-305(a) (2005). Alternatively, a complaint to establish parentage of a child may be brought by the child, the child's mother, a man claiming to be the child's father, or the Tennessee Department of Human Services. Tenn. Code Ann. § 36-2-305(b)(1) (2005); *In re C.K.G.*, 173 S.W.3d 714, 722 (Tenn. 2005). Another statute also authorizes the Department of Human Services to file paternity actions in accordance with the Social Security Act. Tennessee Code Annotated § 71-3-124(c) provides that:

> (1) Upon the filing of an application by an individual not otherwise eligible for support services under this section, the department may initiate support actions for an individual, in accordance with the provisions of Title IV-D of the Social Security Act, as amended.
>
> (2) The department . . . shall have authority and standing to file any legal actions to establish paternity or to establish, modify or enforce child or spousal support in any judicial or administrative proceeding

on behalf of the department and the state for persons who have assigned rights of support to the department pursuant to this section, or who have otherwise applied for child or spousal support services pursuant to the provisions of subdivision (c)(1) or Title IV-D of the Social Security Act. The department or its contractors may file such legal actions without the necessity of intervening in an existing action or naming the state as a party to the action. The department or its contractors shall not be required to provide proof that the obligor, the obligee or the child has applied for or is receiving Title IV-D child support services in order to meet the requirements for conducting Title IV-D child support judicial or administrative actions.

Tenn. Code Ann. § 71-3-124(c) (2004).

In this case, the State of Tennessee filed a complaint designated "IV-D" on behalf of Grandmother pursuant to Tenn. Code Ann. § 71-3-124(c). The State had standing to file the complaint to establish parentage of R.E.R., even if the case is styled "State of Tennessee ex rel. [Grandmother]." *See State ex rel. Bissonette v. Marland*, No. E2000-02089-COA-R3-CV, slip op. at 3 (Tenn. Ct. App. E.S. Apr. 26, 2001) (finding that the State had standing to file a paternity suit, even if styled 'ex rel.'). According to the statute, the Department of Human Services is not even required to name the State as a party to the action. *See* Tenn. Code Ann. § 71-3-124(c)(2). Therefore, the petition to establish paternity should not have been dismissed.

### B.    Standing to Seek Child Support

Grandmother was awarded temporary custody of R.E.R. on April 28, 2005, and custody was restored to Mother by order on November 14, 2005. The State contends that the juvenile court erred in dismissing Grandmother's petition for child support when it found that Mr. Collins was not properly served in the dependency and neglect proceeding whereby Grandmother had received custody of R.E.R. The State claims that only physical custody of a child is necessary in order to receive child support, and that Mr. Collins must pay child support to Grandmother regardless of the validity of service of process and the temporary custody order in the previous proceedings.

The Tennessee Supreme Court recently addressed a child's right to support from his or her parents in *Kirkpatrick v. O'Neal*, 197 S.W.3d 674 (Tenn. 2006). Specifically, the Court addressed the issue of whether a non-residential parent must continue to pay child support when the residential parent dies, and custody of the child is awarded to a third party. *Id.* at 676. The Court noted that in Tennessee, both parents are equally and jointly charged with the care, nurture, welfare, education and support of a child. *Id.* at 679. The parents' duty continues until the child reaches the age of majority, and no court order is needed to obligate a parent to support the child during minority. *Id.* at 680. The parents' support obligation exists regardless of where or with whom the child lives. *Id.* Even though support is paid to an obligee parent or custodial third party, the payment is received on behalf of the child because the duty of support is owed to the child, not to the other parent. *Id.*

The Supreme Court ultimately held that "parents are liable to private third parties for child support retroactive from the date their children are placed in third party custody." **Kirkpatrick**, 197 S.W.3d at 680-81. In *Kirkpatrick*, the children's grandparents had taken "physical possession of them" in June when their mother had died. **Id.** at 676. A court had granted full custody of the children to the grandparents in September. **Id.** When the Supreme Court remanded the case, it instructed the trial court to calculate child support owed from the date a court had legally granted the grandparents full custody of the children, not when they received physical custody. **Id.** at 681. Still, we find the present case to be distinguishable from *Kirkpatrick* because this is a Title IV-D child support case.

Tenn. Code Ann. § 36-5-101(b) (2005) reads as follows:

> (1) Notwithstanding any other provision of law to the contrary, *neither the department of human services*, nor any Title IV-D child support contractor of the department, nor any recipient of public assistance in this or any other state or territory, *nor any applicant* for either public assistance in this or any other state or territory or *for Title IV-D child support services* from the department or any other Title IV-D agency in this or any other state or territory, *shall be required to demonstrate* to a court or administrative tribunal that the caretaker of the child for whom child support is sought is vested with **any more than physical custody** of the subject child or children, in order to have standing to petition for child support from the legal parent of the child or children for whom support is sought, or to seek enforcement or modification of any existing orders involving such child or children.
>
> (2) **Legal custody of a child** to whom a child support obligation is owed **shall not be a prerequisite** to the initiation of any support action or to the enforcement or modification of any support obligation in such cases, whether or not the obligation has been assigned to this state or any other state or territory by operation of law.

(Emphasis added). This statute was recently applied in a case similar to the case before us, **State ex rel. Hannah v. Beard**, No. W2005-02350-COA-R3-JV, slip op. at 3 (Tenn. Ct. App. W.S. Jun. 7, 2006). In *Hannah*, a grandmother had taken in her grandson because his mother was "having trouble in her household." **Id.** at 1. The grandson lived with the grandmother for approximately five months, during which time the grandmother received assistance from the Department of Human Services. **Id.** The State of Tennessee filed a petition on behalf of the grandmother seeking child support from the mother, but the trial court refused to set support because the grandmother did not have legal custody of her grandson. **Id.** In discussing Tenn. Code Ann. § 36-5-101(b), we determined that the grandmother was not required to have legal custody of the grandson before the initiation of an action for child support, whether the action was initiated by the grandmother or the

State on her behalf.  **_Id._** at 4.  "[N]othing more than physical custody of a child" was required in order to have the legal right to petition for child support.  **_Id._**

The present case falls within the reasoning of _Beard_, and Grandmother, or the State on her behalf, can seek child support from Mr. Collins if the trial court establishes that he is the father of R.E.R.  Grandmother had physical custody of R.E.R. for over six months, and she could initiate a support action despite the challenge to service of process in the dependency and neglect proceeding.  As we noted in _Beard_:

> The statutes governing the State's action do not require notice be given to the biological parent of a child that should they leave that child in the care and control of another adult, and that adult seeks TANF benefits on the child's behalf, that the adult will be able to seek child support from them.  Tennessee law imposes a legal obligation on parents to support their minor children. T.C.A. § 34-1-102(a); _Wade v. Wade_, 115 S.W.3d 917, 920 (Tenn. Ct. App. 2002).  It is well established that this duty does not terminate when a parent relinquishes physical custody of their child.  See T.C.A. § 34-1-102; _Smith v. Gore_, 728 S.W.2d 738, 750 (Tenn. 1987); _State ex rel. Vaughn v. Kaatrude_, 21 S.W.3d 244, 247 (Tenn. Ct. App. 2000).

Slip op. at 4.

## V.  CONCLUSION

For the aforementioned reasons, the petition to establish paternity and set support should not have been dismissed.  Therefore, we reverse the decision of the juvenile court and remand for further proceedings.  Costs of this appeal are taxed to Appellee, Kelly Collins, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE