IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 23, 2012 Session

# KEENAN W. CARROLL v. CHANDRA P. CARROLL

**Appeal from the Circuit Court for Montgomery County**
**No. MCCCCVDV07377      Ross H. Hicks, Judge**

---

**No. M2012-00111-COA-R3-CV - Filed January 30, 2013**

---

This case involves the issue of retroactive child support and whether the trial court appropriately denied Wife's request. Husband's divorce petition was pending for more than three years before Wife answered. During that time the parties were separated, and Husband made monthly car payments on Wife's vehicle in an amount that exceeded what would have been his child support obligation. We conclude that Husband satisfied his child support obligations based on the unique facts of this case and affirm the trial court's judgment.

**Tenn. R. App. P. 3, Appeal as of Right; Judgment of the Circuit Court Affirmed**

PATRICIA J. COTTRELL, P.J., M.S., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

Shannon L. Crutcher, Nashville, Tennessee, for the appellant, Chandra P. Carroll.

Keenan W. Carroll, Mt. Juliet, Tennessee, Pro Se.

## OPINION

### I. BACKGROUND

Keenan W. Carroll ("Husband") and Chandra P. Carroll ("Wife") were married in 1995 and had a child together before they decided to separate in 2006. Husband moved out of the marital home and filed a Complaint for divorce in April 2007. Wife did not answer the Complaint until June 2010, when she filed an Answer and Counter Complaint for Divorce. Wife filed a motion seeking temporary support a few months later, in September 2010. Following a hearing on September 30 an Agreed Order was entered whereby Husband

was ordered to pay child support in the amount of $628 each month.[1]  The Agreed Order provided that "All issues relating to any retroactive child support owed by Father are reserved until entry of the Final Decree of Divorce."

An evidentiary hearing was held on October 6, 2011, and the only issue litigated that is relevant to this appeal is whether Husband was responsible for retroactive child support dating back to February 2006, when the parties separated.  The evidence showed that Husband made monthly payments on a loan for a Chrysler Pacifica automobile that Wife drove and that he made these payments from the time the parties separated until the loan was paid off in August 2010.  The monthly car payments were $667, and both Wife and Husband were responsible for this debt.  Husband testified that Wife agreed he would make these car payments in lieu of child support:

> Q:  Now, after your separation, after you and Mrs. Carroll separated, what kind of support did you pay or provide for your daughter?
>
> A:  The - -
>
> Q:  - - other than what you've already testified to?
>
> A:  The vehicle that her mother drives and has registered in her name in Alabama and has had registered in her name since we parted was $667 a month.  And she has another vehicle, but - - as well, but I continued to pay the $667.  And this was, you know, understood by both of us early on that this $667 was in lieu of the child support or was to provide income to the household.
>
> . . . . .
>
> Q:  And since the year that you separated in '06, did you pay $667 each and every month?
>
> A:  Yes, ma'am.  Until the vehicle was paid off.  And once the vehicle was paid off, I immediately started child support, $630.

Wife disputed Husband's testimony and testified as follows:

---

[1]Husband testified he was unaware of a hearing on September 30 and did not know anything about the Agreed Order until he received a copy of it in the mail.  Wife's attorney signed the Agreed Order on behalf of Husband's attorney.

Q:     And Mr. Carroll contends that there was an agreement between you two. Was there an agreement that he would pay the note in lieu of any other type of support?

A:     No, we did not agree to that. I did speak to him about child support. . . . I said, if you give me child support, I can go ahead and make the payments myself. And he was determined to do what - - and so I kind of settled for that because I couldn't afford a lawyer. . . .

In other words, Wife would have made the car payments from any child support Husband gave her.

In the Final Decree of Divorce, the trial court made the following relevant findings of fact:

2.     The parties have been separated since early 2006. The Complaint for Absolute Divorce was filed in 2007. Between 2007 and 2010, when Wife filed an Answer and Counter Complaint, nothing happened in this case. The case should have been dismissed but slipped through the cracks. This has some impact on the Court's decision.

3.     With respect to back child support, Wife retained possession of a Chrysler Pacifica automobile upon the parties separating. Husband testified the parties agreed that he would continue to pay the note on the Chrysler Pacifica in lieu of child support. The note was $667 per month. Wife testified that Husband proposed to pay the car note and that she did not agree; however, he started making the payment and she let it go. As such, the Court finds this to be an acquiescence on Wife's part. In addition, Wife testified that she had another vehicle but that it was not operable.

4.     Further, Wife testified that if she had received child support during the parties' separation, she would have used it to pay the Pacifica payment. As such, over the objection of counsel for Wife, the Court finds this to be the same thing and does not find an order of retroactive child support to be appropriate in this case.

5.     In addition, an order of retroactive child support is not appropriate because no support was sought from the Court until Wife filed her Answer and Counter Complaint in June 2010. In October 2010, Husband began paying

temporary support in the amount of $628.00 per month as ordered in the Temporary Parenting Plan.

Wife appeals the trial court's decision to the extent it denied her request for retroactive child support.

## II. ANALYSIS

This case was tried by the court rather than by a jury, and we therefore review the court's findings of fact *de novo* upon the record, according the court's factual findings a presumption of correctness unless the evidence preponderates otherwise. We decide issues of law *de novo*, with no deference accorded to the trial court's conclusions of law. Tenn. R. App. P. 13(d); *Kirkpatrick v. O'Neal*, 197 S.W.3d 674, 678 (Tenn. 2006).

Every parent is obligated to support his or her children until they reach the age of majority. *Kirkpatrick*, 197 S.W.3d at 679; Tenn. Code Ann. § 34-1-102. When a marriage is dissolved, courts are authorized by statute to provide for the future support of the parties' minor children. Tenn. Code Ann. § 36-5-101(a)(1). *See generally Tinsley v. Tinsley*, 2002 WL 31443210, at *3 (Tenn. Ct. App. Nov. 1, 2002). Courts are directed to apply the child support guidelines promulgated by the Department of Human Services as a rebuttable presumption when determining the amount of child support to award. Tenn. Code Ann. § 36-5-101(e)(1)(A); *Tinsley*, 2002 WL 31443210, at *3.

Tennessee's Child Support Guidelines provide that unless the rebuttable presumption provisions of section 36-5-101(e) have been established by clear and convincing evidence, a judgment for initial support must include an amount of monthly support dating back to when the parties separated. Tenn. Comp. R. & Reg. 1240-2-4-.06(1)(b)(1). The trial court concluded, and we agree, that Husband satisfied his child support obligations from the date of the parties' separation through August 2010 by paying the amount due on the automobile Wife drove. Husband made the payments directly instead of paying Wife, who would have used the same money to make the same payments. To hold that these payments did not constitute child support would be to elevate form over substance.

The trial court found, and the parties do not dispute, that Husband made monthly car payments for the vehicle Wife drove from the time the parties separated in February 2006 until the loan was paid off in August 2010. Wife testified she would have used Husband's child support checks to make these car payments herself. The court also found that in October 2010 Husband began paying child support in the amount of $628.00 per month as set forth in the Temporary Parenting Plan.

-4-

Husband's monthly car payments of $667 exceeded Husband's child support obligation of $628 by $39. We calculate that by making 54 car payments (March 2006 - August 2010) in the amount of $667 that exceeded his monthly obligation by $39, Husband has paid $2,106 more than he was required to pay in child support. We agree with the trial court that it would have been inappropriate to require Husband to pay an additional $628 per month in retroactive child support.

In the Conclusion section of her brief Wife asks this Court to award her attorney's fees. That request is denied.

### III. CONCLUSION

The trial court's decision denying Wife retroactive child support is affirmed. Costs of this appeal shall be assessed against the appellant, Chandra P. Carroll, for which execution shall issue if necessary.

_____
PATRICIA J. COTTRELL, JUDGE