IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 10, 2015 Session

**HEATHER ANNE GULISH GLADWELL v. TONY NEIL GLADWELL, JR.**

**Appeal from the Chancery Court for Henry County**
**No. 22240     Donald P. Harris, Judge**

_____

**No. W2014-01095-COA-R3-CV – Filed July 20, 2015**
_____

J. STEVEN STAFFORD, Dissenting in Part.

I concur in the majority opinion with regard to all issues save one—the reversal of the attorney fee award to Husband. On this point, I must respectfully file this partial dissent.

As discussed by the majority Opinion, this Court follows the general rule that a "spouse with adequate property and income is not entitled to an award of alimony to pay attorney's fees and expenses." *Gonsewski v. Gonsewski*, 350 S.W.3d 99, 113 (Tenn. 2011) (quoting *Umstot v. Umstot*, 968 S.W.2d 819, 824 (Tenn. Ct. App. 1997)). Instead, "[s]uch awards are appropriate only when the spouse seeking them lacks sufficient funds to pay his or her own legal expenses, or the spouse would be required to deplete his or her resources in order to pay them." *Houghland v. Houghland*, 844 S.W.2d 619, 623 (Tenn. Ct. App. 1992), *Harwell v. Harwell*, 612 S.W.2d 182, 185 (Tenn. Ct. App. 1980).

First, I note that the *Gonsewski* Court held that a spouse with "property **and** income" would not be entitled to alimony in solido in the form of attorney's fees. *Gonsewski*, 350 S.W.3d at 113 (quoting *Umstot*, 968 S.W.2d at 824 (emphasis added)). Here, the financial states of each party are generally not in dispute. The trial court found, and this Court has affirmed, that Wife earns approximately $43,000.00 per month in income and has a substantial separate and marital estate. In contrast, Husband has no employment income. Although Wife may elect to pay Husband a portion of his marital property in monthly installments, this sum represents marital property, rather than income. Furthermore, although Husband is entitled to child support, child support does not constitute support to the parent, but instead is owed to the child. *See* *Kirkpatrick v. O'Neal*, 197 S.W.3d 674, 680 (Tenn. 2006) ("'The [parent's] duty of support is owed to the child, not to the [other parent].'")

(quoting *In re Linville*, No. M2000-01097-COA-R3-CV, 2000 WL 1785991, at *6 (Tenn. Ct. App. Dec. 7, 2000)). Accordingly, under *Gonsewski*, Husband does not possess both adequate property **and** income to pay his own attorney's fees. Because he has no independent income, Husband must resort to depleting his marital estate to pay his attorney's fees. *See Webster's New World College Dictionary* 396 (5th ed. 2014) (defining "deplete" as "to make less by gradually using up" or "to empty wholly or partially"). Wife, however, is certainly financially capable of shouldering that burden.

A similar situation was presented in *Pettigrew v. Pettigrew*, No. E2011-02706-COA-R3CV, 2012 WL 5541668 (Tenn. Ct. App. Nov. 15, 2012). In *Pettigrew*, wife was awarded both transitional alimony and over $500,000.00 in funds representing marital property. *Id.* at *1. The trial court awarded wife attorney's fees as alimony in solido, finding that because of wife's lack of employment, she should "not have to deplete her resources to pay her attorney's fees." *Id.* at *2. Husband appealed, arguing that because of the substantial liquid assets awarded to wife in the divorce, wife was capable of paying her own attorney's fees. The Court of Appeals concluded that the trial court did not abuse its discretion in awarding wife attorney's fees as alimony in solido, given that: (1) husband had a greater earning capacity; (2) husband was earning $35,000.00 per month in severance at the time of trial; and (3) that wife had not worked during the marriage; and (4) husband was at fault for the demise of the relationship. *Id.* at *2–*3.

In reaching its decision, the Court of Appeals stressed the narrow standard of review applicable in reviewing alimony decisions—the abuse of discretion standard of review. According to the *Pettigrew* Court, a reviewing court can only find an abuse of discretion when the trial court "applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employed reasoning that causes an injustice to the complaining party." *Id.* at *2 (citing *Burton v. Mooneyham*, 2012 WL 1070121 (Tenn. Ct. App. Mar. 29, 2012)). As explained by the Tennessee Supreme Court:

> Equally well-established is the proposition that a trial court's decision regarding spousal support is factually driven and involves the careful balancing of many factors. *Kinard v. Kinard*, 986 S.W.2d 220, 235 (Tenn. Ct. App. 1998); *see also Burlew*, 40 S.W.3d at 470; *Robertson v. Robertson*, 76 S.W.3d 337, 340–41 (Tenn. 2002). As a result, "[a]ppellate courts are generally disinclined to second-guess a trial judge's spousal support decision." *Kinard*, 986 S.W.2d at 234. Rather, "[t]he role of an appellate court in reviewing an award of spousal support is to determine whether the trial court applied the correct legal standard and reached a decision that is not clearly

unreasonable." ***Broadbent v. Broadbent***, 211 S.W.3d 216, 220 (Tenn. 2006). Appellate courts decline to second-guess a trial court's decision absent an abuse of discretion. ***Robertson***, 76 S.W.3d at 343. An abuse of discretion occurs when the trial court causes an injustice by applying an incorrect legal standard, reaches an illogical result, resolves the case on a clearly erroneous assessment of the evidence, or relies on reasoning that causes an injustice. ***Wright ex rel. Wright v. Wright***, 337 S.W.3d 166, 176 (Tenn. 2011); ***Henderson v. SAIA, Inc.***, 318 S.W.3d 328, 335 (Tenn. 2010). This standard does not permit an appellate court to substitute its judgment for that of the trial court, but "'reflects an awareness that the decision being reviewed involved a choice among several acceptable alternatives,' and thus 'envisions a less rigorous review of the lower court's decision and a decreased likelihood that the decision will be reversed on appeal.'" ***Henderson***, 318 S.W.3d at 335 (quoting ***Lee Medical, Inc. v. Beecher***, 312 S.W.3d 515, 524 (Tenn. 2010)). Consequently, when reviewing a discretionary decision by the trial court, such as an alimony determination, the appellate court should presume that the decision is correct and should review the evidence in the light most favorable to the decision. ***Wright***, 337 S.W.3d at 176; ***Henderson***, 318 S.W.3d at 335.

***Gonsewski***, 350 S.W.3d at 105–06 (footnote omitted). Accordingly, this Court may not second guess the trial court's decision, but instead must presume that the trial court's decision to award or deny alimony, including attorney's fees in the form of alimony in solido, is correct. ***Id.***

Having reviewed the trial court's decision in the light most favorable to it, I cannot agree that the award of attorney's fees to Husband was an abuse of discretion. Here, much like the wife in ***Pettigrew***, Husband has no employment income, but instead has substantial marital property.[1] ***Pettigrew***, 2012 WL 5541668, at *2. Also like in ***Pettigrew***, without income, it is reasonable to conclude that Husband would be required to deplete his portion of the marital estate to pay his attorney's fees. Nothing in the majority's analysis on this issue leads me to conclude that the presumption in favor of the trial court's order has in any way

---

[1] In addition, much like in ***Pettigrew***, here the trial court expressly noted in awarding attorney's fees to Husband that "Wife[] [was at] fault in the dissolution of the marriage[.]" According to the trial court, Wife was also responsible for "additional amounts Husband has been billed for attorney's fees." The majority Opinion discusses neither of these facts in deciding to summarily reverse the trial court's award.

3

been rebutted. Instead, from my review, it does not appear that the trial court's decision is clearly unreasonable, based upon an incorrect legal standard, illogical, clearly erroneous, or that the decision will cause an injustice. *See Gonsewski*, 350 S.W.3d at 105–06. Accordingly, it appears that the majority simply reaches a different conclusion regarding whether the payment of attorney's fees by Husband would deplete his resources. This is not an appropriate basis for overturning a decision reviewed under the abuse of discretion standard. *See generally id.*

Based on the forgoing, I cannot conclude that the learned trial court abused its discretion in awarding attorney's fees to Husband as alimony in solido. Consequently, I must respectfully dissent in part from the majority Opinion.

_____

J. STEVEN STAFFORD, JUDGE

4