FILED

09/19/2025

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 13, 2025 Session

## IN RE NATHANIEL D.

**Appeal from the Chancery Court for Knox County**
**No. 204393-2      Christopher D. Heagerty, Jr., Chancellor**

_____

## No. E2025-00081-COA-R3-PT

_____

THOMAS R. FRIERSON, II, J., concurring in part and dissenting in part.

Although I agree that Father did sufficiently raise in his answer the affirmative defense of lack of willfulness regarding the statutory ground of failure to pay child support, I respectfully dissent from the majority's holding and instead believe that Father's failure to pay support was willful according to Tennessee law. As the majority points out, the proof was "undisputed that Father paid no child support during the relevant four-month period despite having the ability to pay." Father argued that such failure was not willful because he had relied on the January 2021 agreed order of paternity entered by the juvenile court, which stated that "any and all issues related to . . . child support are reserved and referred to the Custody Magistrate," and the fact that no further orders concerning child support had been entered.

The majority reasons that Father was justified in relying on the juvenile court's order reserving the setting of child support when deciding to pay no support whatsoever for his child. The majority concludes that although Tennessee law is clear regarding the principle that a parent has a duty to support his or her child even in the absence of a court order, this case presents "not the absence of a court order, but the presence of one and its implications." However, based upon my review of Tennessee law, I believe that this is a distinction without a difference. Our Supreme Court and this Court have clearly articulated that a parent is "liable for the support of his or her child throughout minority, with or without the existence of a court order[.]" *Kirkpatrick v. O'Neal*, 197 S.W.3d 674, 680 (Tenn. 2006); *see In re Kiara C.*, No. E2013-02066-COA-R3-PT, 2014 WL 2993845, at *8 (Tenn. Ct. App. June 30, 2014).

In *Kiara C.*, the parents had been divorced in Illinois, and the Illinois court's decree stated that the father would be responsible for the child's future medical expenses and that his child support obligation would be reserved "due to [Father's] pending military

discharge." *Id.* No further orders were entered, and the father never paid any support. *Id.* The mother and her husband subsequently filed a petition seeking to terminate the father's parental rights, relying, *inter alia*, upon the statutory ground of abandonment by failure to support. *Id.* at *2. The trial court found that the father had willfully failed to support the child during the determinative period, despite the lack of a court order setting the amount of child support to be paid, and this Court affirmed that determination, stating:

> [W]hether Father had ever been ordered by a court to pay child support or advised of his duty to do so is irrelevant. As the trial court noted, parents are presumed to know that they have a duty to support their children. *See* Tenn. Code Ann. § 36-1-102(1)(H) ("Every parent who is eighteen (18) years of age or older is presumed to have knowledge of a parent's legal obligation to support such parent's child or children."); *see also Kirkpatrick v. O'Neal*, 197 S.W.3d 674, 680 (Tenn. 2006) ("[A] parent is liable for the support of his or her child throughout minority, with or without the existence of a court order . . . .").

*Id.* at *8. Although the *Kiara C.* Court did also proceed to address the father's failure to pay the child's medical expenses, the nonpayment of medical expenses merely added further support to the Court's determination that the father had willfully failed to support the child. Despite the majority's characterization, I do not find any "critical distinctions" between the circumstances of this case and the situation presented in *Kiara C.* The *Kiara C.* Court determined that the father's failure to pay child support was not excused by the Illinois court's reservation of that issue for future determination, and the same should be true in this matter. *See id.*

Our statutory scheme plainly states that "[e]very parent who is eighteen (18) years of age or older is presumed to have knowledge of a parent's legal obligation to support such parent's child or children." Tenn. Code Ann. § 36-1-102(1)(H). This Court has consistently affirmed this principle when determining that a parent has failed to support his or her child in the absence of a court order directing payment of child support. *See In re Sydney B.*, 537 S.W.3d 452, 460-61 (Tenn. Ct. App. 2017) (concluding that the father could not rely on the lack of a child support order as a justification for failing to pay support); *In re Jacobe M.J.*, 434 S.W.3d 565, 572 (Tenn. Ct. App. 2013) (stating that a parent has an obligation to pay support regardless of a court order requiring such payment); *State, Dep't of Children's Servs. v. Culbertson*, 152 S.W.3d 513, 523-34 (Tenn. Ct. App. 2004) (holding that parents owe an obligation to pay child support regardless of a court order requiring them to do so); *In re Krystopher C.*, No. M2024-00097-COA-R3-PT, 2025 WL 2017077, at *20 (Tenn. Ct. App. July 18, 2025) ("[I]t is well settled in Tennessee that every parent is presumed to have knowledge of a parent's duty to support his or her minor children regardless of whether a court order to that effect is in place."); *In re Mia C.*, No. E2023-00828-COA-R3-PT, 2024 WL 4003297, at *18 (Tenn. Ct. App. Aug. 30, 2024) (determining that the father's testimony that he had set aside funds for the child in a savings

account did not excuse his failure to pay child support despite the lack of a court order directing such payment); *In re Rosylyn W.*, No. E2019-01838-COA-R3-PT, 2020 WL 6053523, at *14 (Tenn. Ct. App. Oct. 13, 2020) ("The absence of a court order requiring a parent to pay child support does not negate that parent's obligation to pay support."); *In re Kah'nyia J.*, No. M2017-00712-COA-R3-PT, 2018 WL 2025217, at *5 (Tenn. Ct. App. Apr. 30, 2018) (holding that the "law is clear that '[t]he obligation to pay support exists even in the absence of a court order to do so'"); *In re Malaysia C.*, No. M2014-01019-COA-R3-PT, 2015 WL 572954, at *9 (Tenn. Ct. App. Feb. 10, 2015) (determining that the mother's argument regarding lack of willfulness due to the absence of court order requiring her to pay support was unavailing); *David A. v. Wand T.*, No. M2013-01327-COA-R3-PT, 2014 WL 644721, at *8 (Tenn. Ct. App. Feb. 18, 2014) ("[W]e reject Father's argument that his failure to support was excused in the absence of a court order compelling that support payments be made."); *In re Michaela V.*, No. E2013-00500-COA-R3-PT, 2013 WL 6096367, at *8 (Tenn. Ct. App. Nov. 19, 2013) (holding that the obligation to pay child support exists even in the absence of a court order); *In re Emily N.I.*, No. E2011-01439-COA-R3-PT, 2012 WL 1940810 at *13 (Tenn. Ct. App. May 30, 2012) (concluding that the father's reliance "on the fact that he was not specifically ordered by the court to remit child support" until a month prior to filing of the petition for termination was erroneous in light of his presumed knowledge of the obligation).

I can discern no dissimilarity between a parent for whom there is no court order directing the payment of support, as in the above-cited cases, and a parent who has a court order that reserves the issue of support for future adjudication. In fact, the latter situation appears to demonstrate a greater degree of willfulness. In other words, a parent's failure to pay any support, when that parent has clearly been placed on notice that some amount of child support is due even if the precise amount has yet to be determined, appears more willful than a parent's failure to pay support when there exists no court order at all.

When examining the question of willfulness, this Court has clarified that a parent's conduct is willful "when a person is aware of his or her duty to visit or support, has the capacity to do so, makes no attempt to do so, and has no justifiable excuse for not doing so." *In re Audrey S.*, 182 S.W.3d 838, 864 (Tenn. Ct. App. 2005). Here, Father was aware of his duty to support, as is every parent in the State of Tennessee. *See* Tenn. Code Ann. § 36-1-102(1)(H). It is undisputed that Father had the ability to pay child support but that he failed to do so. As we have repeatedly held, Father could not justifiably rely on the lack of a court order setting support as an excuse for his failure to pay, and his situation was no different than that of the parents in the above-cited cases. I would therefore affirm the trial court's determination that clear and convincing evidence supports the statutory ground of abandonment by failure to pay child support.

s/Thomas R. Frierson, II

_____
THOMAS R. FRIERSON, II, JUDGE

- 3 -