IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 12, 2004

## STATE OF TENNESSEE and DEPARTMENT OF CHILDREN'S SERVICES v. WOODROW WILSON, Jr. and DEBRA WILSON

**Appeal by permission from the Court of Appeals**
**Juvenile Court for Warren County**
**No. 1827 & 1828    Larry G. Ross, Judge**

**No. M2002-00233-SC-R11-JV - Fled April 22, 2004**

We granted permission to appeal to determine whether the Court of Appeals erred in holding that Tennessee Code Annotated section 37-1-151 bars the State from recovering retroactive child support more than forty-five days prior to the filing of a petition seeking such support. We hold that section 37-1-151 unambiguously requires a trial court to set child support retroactive to the date a child is placed in State custody. The statute does not include any limitation on the length of time for which retroactive support may be due, and a trial judge has no discretion to deviate from the statutorily imposed period of retroactive support. Retroactive child support is to be set according to the child support guidelines, but deviation from the guideline amount is allowable if based upon a finding that applying the guidelines would be unjust or inappropriate. Thus, the judgment of the Court of Appeals is reversed, and this case is remanded to the trial court.

**Tenn. R. App. P. 11; Judgment of the Court of Appeals Reversed;**
**Case Remanded to the Trial Court**

FRANK F. DROWOTA, III, C. J., delivered the opinion of the court, in which E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

Paul G. Summers, Attorney General & Reporter; Michael E. Moore, Solicitor General; and Stuart F. Wilson-Patton, Senior Counsel, for the appellant, State of Tennessee and Department of Children's Services.

Debra Wilson, Morrison, Tennessee, Pro se.

Woodrow Wilson, Morrison, Tennessee, Pro se.

1

## OPINION

### Factual and Procedural Background

By a September 10, 1999 Consent Decree, Woodrow and Debra Wilson placed their fifteen-year-old son in State custody. On June 12, 2001, the State filed a petition to set child support, and the trial court held a hearing on August 13, 2001. The State sought support in an amount set by the Tennessee Child Support Guidelines and retroactive to September 10, 1999, the date the child was initially placed in its custody. The total amount sought was $14,230 from Woodrow Wilson and $4,728 from Debra Wilson.

The trial court awarded retroactive support, but only to the date on which the State filed its petition seeking support. The trial court noted that it would be unfair to the Wilsons to set child support retroactive to September 10, 1999, because the State had waited almost two years to file the petition for support. The State filed a motion to alter or amend, which the trial court denied. The State appealed, and the Court of Appeals affirmed the trial court, modifying the order to include retroactive support for the forty-five day period before the filing of the State's petition to set support. The Court of Appeals majority construed the governing statute, Tennessee Code Annotated section 37-1-151(b), to limit parental liability for retroactive child support to a period of forty-five days prior to filing the petition. Judge Patricia Cottrell filed a dissenting opinion, holding that retroactive child support was owed retroactive to the date that the child was placed in State custody. The State filed an application for permission to appeal in this Court, and the application was granted.

### Standard of Review

This case is one of statutory interpretation. Statutory interpretation is a question of law, which we review de novo, with no presumption of correctness given to the courts below. Wallace v. State, 121 S.W.3d 652, 656 (Tenn. 2003). This Court's role in statutory interpretation is to ascertain and effectuate the legislature's intent. Kite v. Kite, 22 S.W.3d 803, 805 (Tenn. 1997); State v. Sliger, 846 S.W.2d 262, 263 (Tenn. 1993). When a statute's language is unambiguous, the legislative intent shall be derived from the plain and ordinary meaning of the statutory language. Carson Creek Vacation Resorts v. Dep't. of Revenue, 865 S.W.2d 1, 2 (Tenn. 1993). If, however, a statute's language is ambiguous and the parties legitimately derive different interpretations, we must look at the entire statutory scheme to ascertain the legislative intent. Owens v. State, 908 S.W.2d 923, 926 (Tenn. 1995).

### Analysis

The statute governing parental liability to support a child in State custody is Tennessee Code Annotated section 37-1-151. The following provisions of the statute control our resolution of this case:

> (b)(1) Notwithstanding the provisions of subsection (a), *placement of a child in the custody of an agency of the state shall make the parents of that child liable for support from the effective date of the court's order* . . . .
>
> (2) In all cases in which the court places physical custody of

2

any child with an agency of the state, and if no prior orders for the support of the child by each parent exist, *the court shall immediately order child support or shall set a hearing, which hearing shall be held within forty-five (45) days of the date the child's custody is placed with the state, for the purpose of establishing child support and the provision of medical care, to be paid by each parent to the state for the child placed in the state's custody by the court.* Such hearing may be set on the court's next regular child support docket within the forty-five-day period in accordance with the provisions of subdivision (b)(3)

. . . .

(4)(A) *At any hearing at which support is ordered, the court shall set child support as the evidence demonstrates is appropriate and in accordance with the child support guidelines established pursuant to § 36-5-101(e),* and the court shall order the parents to pay the premium for health insurance for the child if the insurance is available at a reasonable cost, or the court shall order the parents to pay a reasonable portion of the child's medical costs. *The order for support and for medical care shall be retroactive to the date that custody of the child was placed with the state by any order of the court.*

"Tenn. Code Ann. § (b)(1)-(2), (4)(A) (Supp. 2003) (emphasis added).

The Court of Appeals's majority held that these statutory provisions limited parents' retroactive liability for support of a child in state custody to forty-five days prior to the filing of the petition. The majority found that because the legislature mandated that a hearing to set support *shall* be held within forty-five days of the date that a child is placed in the custody of the state, the legislature did not intend that a retroactive support award would exceed forty-five days.

The majority saw no reason that the forty-five day period was included in the statute other than to limit an award of retroactive support. Like the trial court, the majority felt that it would be manifestly unjust to require the Wilsons to pay thousands in retroactive support after a delay of almost two years in setting support, and that injustice of this type was precisely the situation the forty-five day time period was intended to prevent. The majority therefore affirmed the trial court's decision to deny the State retroactive support, but modified that decision to include support not only from the date of the filing of the petition for support, but also for an additional forty-five days prior to the filing of the petition.

Judge Cottrell dissented and held that the statute included no such limitation. After careful consideration, we are persuaded that the rationale and conclusion of the dissent is correct.

Tennessee Code Annotated section 37-1-151 clearly mandates that the State receive child support from the Wilsons retroactive to the date their son was placed in State custody. Indeed, a

3

portion of the statute provides that support awards "*shall be* retroactive to the date that custody of the child was placed with the state by *any order* of the court." Tenn. Code. Ann. § 37-1-151 (b)(4)(A) (Supp. 2003) (emphasis added). Nowhere does the statutory scheme allow for an exception to retroactive support. This Court finds that the period of time for which parents are liable to the State for support is clear and unambiguous.

Moreover, this requirement is consistent with other statutes defining the obligations of parents to their children. As the dissent noted, "under Tennessee law . . . every parent is obligated to support his or her child during their minority." <u>See</u> Tenn. Code. Ann. § 34-1-102 (2001). No court order need be entered for this obligation to exist. Despite the trial court's failure to set a hearing to establish support within forty-five days of the Consent Decree placing the Wilsons' son in State custody and the State's failure to petition for support for almost two years, the dissent correctly pointed out that "none of these failings obviates the fact that the Wilsons were liable for child support for their child from the date he was placed in the custody of the Department of Children's Services."

The statute directs trial courts to either set child support immediately upon placing a child in State custody or hold a hearing to set support within forty-five days of the date the child is placed in State custody. Tenn. Code Ann. § 37-1-151(b)(2) (Supp. 2003). The statute places responsibility for scheduling support hearings on trial courts and imposes no duty on the State to request a hearing be set. Furthermore, the statute specifies no consequence for failing to set the hearing and certainly provides no indication that a parent's responsibility for retroactive support is contingent on a timely hearing. We agree with the dissent that the forty-five day period may be intended to resolve the support issue so that there is "little likelihood that changes in income will have occurred that would affect the amount of support." This short time frame reduces the chance that drastic income fluctuations will occur between placement in State custody and the support hearing. The statutory language provides no basis, however, for interpreting this time frame as a limitation on the State's right to receive support from the parents of children in State custody. Indeed, such a limitation is not consistent with general law regarding parents' support obligations.

While the statute provides no time limitation on the parents' support obligation, we agree with the dissenting judge's conclusion that "the amount of retroactive support is another matter." Support must be set "as the evidence demonstrates is appropriate and in accordance with the child support guidelines established pursuant to § 36-5-101(e). . . ." Tenn. Code Ann. § 37-1-151(b)(4)(A) (Supp. 2003). The amount of support is first calculated according to the guidelines. This amount is a rebuttable presumption of what is owed, but a trial court has some discretion to deviate from this amount. For example, "Findings that the application of the guidelines would be unjust or inappropriate shall state the amount of support that would have been ordered under the child support guidelines and a justification for the variance from the guidelines." Tenn. Code Ann. § 36-5-101(e)(1)(A) (Supp. 2001).

We reverse the decision of the Court of Appeals and remand this case to the trial court to set the amount of retroactive child support owed by the Wilsons from September 10, 1999, the date the

4

Wilsons' child was placed in State custody.

## Conclusion

The directive that a hearing to set support be held within forty-five days of placement of a child in State custody does not limit parental liability to the State for child support for children in State custody. Tennessee Code Annotated section 37-1-151 clearly mandates that a trial court set support retroactive to the date a child is placed in State custody. A trial judge has no discretion to deviate from the statutorily imposed period of retroactive support. A trial judge must set retroactive child support according to the guidelines found in Tennessee Code Annotated § 36-5-101(e), but may deviate from the guideline amount if the deviation is accompanied by a finding that the application of the guidelines would be unjust or inappropriate. The judgment of the Court of Appeals is reversed, and this case is remanded to the trial court for further proceedings consistent with this opinion. The costs of this appeal are assessed against the Wilsons.

_____
FRANK F. DROWOTA, III, CHIEF JUSTICE