IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 13, 2016

**STATE OF TENNESSEE v. GREGORY SCOTT BARNUM**

**Appeal from the Circuit Court for Dickson County**
**No. 22CC-2014-CR-454   David D. Wolfe, Judge**
_____

**No. M2016-00313-CCA-R3-CD – Filed November 1, 2016**
_____

The Defendant, Gregory Scott Barnum, was convicted of Class E felony indecent exposure and received a sentence of two years' incarceration. On appeal from his conviction, the Defendant asserts that the trial court erroneously found that he was a "sexual offender" based on his 1998 Kentucky convictions for indecent exposure and thus subject to enhanced punishment under Tennessee's indecent exposure statute. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and TIMOTHY L. EASTER, JJ., joined.

William B. Lockert, III, District Public Defender; Joshua Turnbow (on appeal) and W. Jake Lockert and Dawn Kavanagh (at trial); Assistant District Public Defenders, for the appellant, Gregory Scott Barnum.

Herbert H. Slatery III, Attorney General and Reporter; Robert W. Wilson, Assistant Attorney General; W. Ray Crouch, District Attorney General; and Sarah Wojnarowski, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. Factual and Procedural Background**

In October 2014, the Dickson County Grand Jury issued a presentment, charging the Defendant with indecent exposure, as a Class E felony, based on the theory that the victim was under the age of thirteen and the Defendant was eighteen years of age or older and the Defendant had two or more prior convictions for indecent exposure. Thereafter,

the grand jury issued a superseding presentment, charging the Defendant with indecent exposure, as a Class E felony, under the theory that the victim was under the age of thirteen and the Defendant was eighteen years of age or older and the Defendant was a "sexual offender."

On July 21, 2015, the Defendant pleaded guilty to indecent exposure to a minor victim under the age of thirteen but requested that the trial court determine whether he committed the offense as a "sexual offender" for enhancement purposes under the indecent exposure statute. During the guilty plea submission hearing, defense counsel explained that, if the charge had proceeded to trial, the court would have been required to bifurcate the trial into a guilt phase and a punishment phase. Defense counsel stated:

> We're going to waive—I want to make it clear for the record we're not pleading to the indictment entirely. We are pleading only to the guilt phase, to the alleged acts. We are not pleading to the alleged range of punishment in the indictment.
>
> . . .
>
> We want to be heard on what is the appropriate range of punishment and sentence.

The State did not offer a recitation of the facts, but when asked by the trial court to describe what he did, the Defendant stated, "I exposed myself in front of a minor child." During the plea colloquy with the trial court, the Defendant agreed that he was waiving his rights by entering the plea, including his right to a jury trial. The trial court then stated:

> [U]pon your plea of guilty to Count 1, the offense of indecent exposure to a minor victim under the age of [thirteen], I find you guilty of that offense. And I will now conduct a hearing to determine whether or not this matter is classified under Tennessee law as a felony or a misdemeanor.

The State called Tina Newby, who testified that she was the Chief Deputy Clerk of the Christian County Circuit Court Clerk's Office in Christian County, Kentucky. She stated that she had worked in the clerk's office since 1988, and she supervised all other deputy clerks. Ms. Newby testified that she regularly maintained records of the criminal convictions from Christian County Criminal District Court ("the District Court") as part of her job duties. Ms. Newby explained that the District Court's records were maintained on both paper and computer. She testified that she received a request from the State of Tennessee for any criminal records relating to the Defendant, including copies of

complaints, convictions, and audio recordings of any proceedings in which the Defendant was a party. Based upon that request, Ms. Newby produced certified copies of the District Court's "disposition calendar of May 6, 1998, and a disposition calendar of September 30, 1998," an affidavit of complaint, and an audio recording of the Defendant's guilty plea in the District Court.

Regarding the disposition calendar, Ms. Newby explained that "the second page of the disposition calendar showed the disposition of three counts of indecent exposure." She noted that the disposition calendar contained the signature of the District Court Judge and agreed that the document reflected that the Defendant had entered guilty pleas on September 30, 1998, to three counts of indecent exposure in the District Court. Upon the plea, the District Court sentenced the Defendant to concurrent sentences of ninety days and suspended the sentence upon the service of thirty days in jail. Ms. Newby testified that the document also reflected that the Defendant was represented by a public defender at the plea proceedings. Ms. Newby stated that the documents were "a copy of the original judgment form" and explained, "Our judges in District Court write their sentence on this docket sheet." [1]

Defense counsel objected to Ms. Newby's testimony, arguing that "[u]nless there's some documentation of a plea then this is hearsay" and that Ms. Newby had no personal knowledge of the plea. Defense counsel additionally asserted, "This is not a judgment; this is a docket sheet with notes on it. It is not a judgment." The trial court overruled the objection, stating that Ms. Newby was "the deputy clerk in the court in which the plea was entered. She's testifying this is the documentation of that record." The trial court further found that Ms. Newby was the custodian of the records for the District Court, that the documents were prepared in the normal course of her duties as deputy clerk, and that the records were admissible under the business records exception to the hearsay rule.

Ms. Newby then identified computer screen print-outs from the District Court's computer system, showing "the information that was put in from the Judge's calendar showing the disposition and sentence" for the Defendant's convictions for three counts of indecent exposure. She stated that the information was entered into the computer system by a clerk based upon the disposition calendar provided by the District Court Judge. She agreed that it was a "typed version" of the trial court's notes and ruling, and she stated that it was reliable information about what occurred in court on that particular day.

Ms. Newby testified that, in 1998, all court sessions were recorded on audiocassette tape and that clerks kept a "recording log" to identify where on the tape

---

[1] In her testimony, Ms. Newby referred to the document as a "disposition calendar" and a "docket sheet" interchangeably.

each case was called by the District Court.  Ms. Newby agreed that she was in charge of maintaining and keeping the audio recordings of courtroom proceedings.  Ms. Newby provided a copy of the audio recording of the District Court proceedings for September 30, 1998, which contained a recording of the Defendant's plea.  When the State moved for the admission of the audio recording, defense counsel objected, arguing that Ms. Newby could not authenticate the audio recording because there was no testimony that Ms. Newby personally witnessed the recorded proceedings or that she personally made the recording.  The trial court overruled the objection, explaining that Ms. Newby "testif[ied] as the deputy clerk and state[d] that in 1998 they made audio recordings of every proceeding before the District Court and that she's produced the audio recording of the Defendant's plea in this case."  The trial court ruled that it would listen to the audio recording and determine if it was "sufficiently identifiable and relatable to the Defendant in order to allow it in as evidence[]" and stated, "If not, I'll exclude it."

On cross-examination, Ms. Newby acknowledged that the record of the prior convictions did not contain a statement of the Defendant's rights or a signed waiver of the Defendant's right to a jury trial.  She stated that the entry of the Defendant's convictions into the computer system would have been made "either the same day or the next day."  Ms. Newby also identified the original affidavit of complaint, charging the Defendant with three counts of indecent exposure, and the document was introduced into evidence.

The affidavit of complaint stated that on April 12, 1998, the Defendant:

[P]ulled through the drive-through window at the Chevron/Max-Fuel south of the Pennyrile Parkway and exposed his genitals to affiant.  On the last two trips through the drive-through, [the] Defendant not only exposed himself, but was also masturbating.  The Defendant was stopped by a police officer after the third incident so the officer could get his identification.

The affidavit charged the Defendant with three counts of indecent exposure, a Class B misdemeanor under Kentucky Revised Statutes Annotated ("KRS") section 510.150.

Jeanne Broadwell, general counsel with the Tennessee Bureau of Investigation ("TBI"), testified that she regularly provided legal advice to units of the TBI regarding the Tennessee Sex Offender Registry.  Ms. Broadwell explained that she mainly worked on classifying out-of-state convictions for offenders who had moved to Tennessee so that the TBI, police departments, and probation and parole offices "can properly classify them either as sexual offenders or violent sexual offenders."  Ms. Broadwell explained that, in determining whether a defendant was a "sexual offender" based on an out-of-state

- 4 -

conviction, she looked at "what would that crime be if it had been committed in Tennessee[.]"

Ms. Broadwell explained that she was contacted by the State and asked to review the affidavit of complaint from Kentucky and the District Court's disposition of the Defendant's charges. She stated that she also reviewed the indecent exposure statute in Kentucky and compared it to the Tennessee statute for indecent exposure. Based upon her review, Ms. Broadwell testified that, if the Defendant had committed the same acts in Tennessee that he committed in Kentucky, the Defendant could have been charged with and convicted of indecent exposure under Tennessee law.

On cross-examination, Ms. Broadwell testified that there were differences in the indecent exposure statutes in Kentucky and Tennessee. She agreed that the Tennessee statute was "much broader." She stated that Kentucky had amended its indecent exposure statute in 2004 to create a distinction between "first degree and second degree" indecent exposure. Ms. Broadwell explained, "The first degree is when the victim is under [eighteen]. Second degree is when the victim is [eighteen] or older." Ms. Broadwell agreed that the affidavit of complaint supporting the Defendant's Kentucky convictions was silent as to the age of the victim.

Following Ms. Broadwell's testimony, the trial court conducted a <u>Momon</u> hearing, at which the Defendant stated that it was his decision not to testify. The Defendant offered no proof.

At the conclusion of proof, the trial court noted that Kentucky listed the offense of indecent exposure under the general heading of "Sexual Offenses" and stated that "it was clearly a sexual offense at the time [the Defendant] was found guilty under that statute." The trial court further determined that the definition of indecent exposure under KRS 510.150 was "basically the same as the definition under Tennessee [law.]" The trial court found that "the facts and circumstances that were alleged in the original [Kentucky] charging documents[,] . . . if committed in the state of Tennessee would be considered to be a sexual offense . . . of indecent exposure under Tennessee law."

Although defense counsel argued that there was no proof of the prior Kentucky convictions, the trial court found that Ms. Newby offered records of the convictions and that she stated the record of the convictions was created in the normal course of business in the District Court. The trial court found that Ms. Newby was present in the District Court Clerk's Office and that she testified regarding "the way the records were generated." Based upon her testimony, the trial court found that the State had sufficiently established the prior Kentucky convictions. The trial court further determined that the prior Kentucky convictions were "sexual offenses" as defined in Tennessee Code

Annotated section 40-39-202 and that the Defendant was, therefore, a "sexual offender." Based upon the plain language of the indecent exposure statute, the trial court rejected defense counsel's argument that the definition of "sexual offender" from Title 39 of the Tennessee Code should apply, rather than the definition found in section 40-39-202.

The trial court also concluded that the three prior Kentucky convictions should not merge. The court noted that the offenses may have occurred on the same day but that the offenses were charged in separate counts. Additionally, the trial court stated that the convictions were not being used to enhance the Defendant's sentencing range. Finally, the trial court found the Defendant's argument—that the court should not give the Kentucky convictions full faith and credit "because of constitutional[] shortages or improprieties . . . that he wasn't advised of his right[s] and might have been intimidated"— unavailing. The trial court found that the evidence established that the Defendant was represented by counsel at the time he entered the guilty pleas, that the District Court advised the Defendant of his right to a trial, and that the Defendant waived his rights. The trial court stated:

> While it's true that the admonishment of his rights wasn't as extensive as we use today and there's no written waiver that was introduced at that point in time, there's also no showing that the Defendant didn't understand or make a voluntary waiver.
>
> In other words, we can criticize what happened, but there's no showing that the Defendant did not voluntarily understand or that he was coerced into making a plea.
>
> The argument about the [District Court] Judge threatening him, the Judge was simply, in my opinion, stating that he was getting a better deal than perhaps the Judge would have given him had he gone to trial.
>
> . . .
>
> I don't think that rises to the level of force or threats or any kind of improper influence by the [District] Court sufficient to make this plea involuntary.
>
> But most importantly, there's no showing before me that this [D]efendant has attempted to set aside the Kentucky convictions on post-conviction[] relief on the basis he did not understand his rights or that he was threatened or forced or coerced into making this plea.

- 6 -

It has been [seventeen] years since he entered this plea. And during that [seventeen]-year period certainly it occurred to him that there were these issues that were there. However, there's no action that's been brought to my attention in the state of Kentucky to file for post-conviction[] relief from those convictions; and therefore I find that those convictions should be given full faith and credit because they're otherwise valid convictions in the state of Kentucky and have been established by the documents that the [District] [C]ourt of Kentucky has.

The trial court found that the State had established that the Defendant was a "sexual offender" for the purposes of the indecent exposure statute and found the Defendant guilty of the offense, as a Class E felony.

Following a sentencing hearing, the trial court sentenced the Defendant, as a Range I standard offender, to two years, which the trial court suspended to supervised probation following the service of one year "day for day." Thereafter, the Defendant filed a motion to set aside the sentence, which the trial court granted.[2] The trial court then resentenced the Defendant to two years to serve in the Department of Correction and ordered that the Defendant be placed on the sex offender registry. This timely appeal followed.

## II. Analysis

### A. Proof Establishing the Defendant's Prior Kentucky Convictions

On appeal, the Defendant initially contends that the State did not adequately establish that he had been convicted of three counts of indecent exposure in Kentucky because the State failed to provide certified judgments from the District Court. The Defendant asserts that the trial court improperly relied on the certified disposition calendar and computer print-out from the District Court as proof of the prior convictions. The State avers that it established the Defendant's 1998 Kentucky convictions for three counts of indecent exposure, despite the lack of certified judgment forms for the offenses. We agree with the State.

---

[2] Where a period of confinement is imposed, an order of day-for-day service is impermissible because a trial court cannot deny a defendant the statutory right to earn good conduct credits or authorized work credits where the defendant receives a sentence of split confinement in the county jail. State v. Benjamin Monroe, No. M2007-02196-CCA-R3-CD, 2009 WL 47332, at *7 (Tenn. Crim. App. Jan. 7, 2009) (citing State v. Tim Mattingly, No. M2002-02765-CCA-R3-CD, 2003 WL 22038777, at *3 (Tenn. Crim. App. Sept. 2, 2003)).

A trial court's determination of whether the State has established the existence of a prior conviction is a mixed question of law and fact. State v. Ricky Lynn Norwood, No. E2005-00704-CCA-R10-CD, 2006 WL 668746, at *5 (Tenn. Crim. App. Mar. 16, 2006). We review mixed questions of law and fact de novo without any presumption of correctness. State v. Meeks, 262 S.W.3d 710, 722 (Tenn. 2008) (citing Vaughn v. State, 202 S.W.3d 106, 115 (Tenn. 2006); State v. Rogers, 188 S.W.3d 593, 629 (Tenn. 2006)).

For sentence enhancement purposes, the State must prove by "clear and convincing evidence" both the existence of a prior conviction and that the defendant was represented by counsel at the time of the conviction. State v. Clever, 70 S.W.3d 771, 773, 776 (Tenn. Crim. App. 2001) (citing Parke v. Raley, 506 U.S. 20, 34-35 (1992)). This court has previously held that, in the absence of a certified copy of a conviction, other evidence may prove a defendant's prior conviction. Id. at 775-76. In Clever, the defendant maintained that there was inadequate proof of his 1986 DUI conviction in Shelby County General Sessions Court because the record of the conviction had been destroyed after ten years based upon the policy of the general sessions court. Id. at 772-73. However, the State submitted into evidence a photocopy of the docket sheet, on which the trial judge had made notations regarding the defendant's guilty plea. Id. at 773-74. The State also introduced a certified copy of a computer print-out from the court clerk's office which showed the guilty plea, the date of disposition, and the fine imposed. Id. at 774. Additionally, both the presiding trial judge and a supervisor from the general sessions court clerk's office testified that, according to the records, the defendant had entered a guilty plea to DUI in that court on November 18, 1986. Id. at 774-75. Although the documentary evidence was silent as to whether the defendant was represented by counsel at the time of the guilty plea, the trial judge testified that he had never allowed a defendant to plead guilty to DUI unless the defendant was represented by counsel. Id. at 773-74 (citing Burgett v. Texas, 389 U.S. 109, 115 (1967), for the proposition that "representation by counsel cannot be presumed from a silent record"). Upon review, this court concluded that the State established by clear and convincing evidence that the defendant had been previously convicted of DUI and that the defendant had been represented by counsel at the time. Id. at 776. We specifically rejected the defendant's claim that a prior conviction can be proven only by a "'certified copy' of the conviction." Id. at 775-76.

In this case, we agree with the trial court that the State presented sufficient evidence regarding the Defendant's prior Kentucky convictions. Ms. Newby, the Chief Deputy Clerk of the District Court, testified that records of convictions in the District Court were maintained on both paper and computer. She produced a certified copy of the District Court's disposition calendar for September 30, 1998, which indicated that the Defendant pleaded guilty to three counts of indecent exposure on that date. The disposition calendar contained the signature of the District Court Judge, as well as the

District Court Judge's notations regarding the Defendant's sentence. Moreover, the disposition calendar reflected that the Defendant was represented by counsel at the time of his guilty pleas. Ms. Newby also submitted computer screen print-outs from the District Court's computer system, showing the disposition and sentence for each of the Defendant's 1998 convictions for indecent exposure. Ms. Newby testified that the information in the computer screen print-outs would have been entered within a day of the proceedings in the District Court and that they contained reliable information concerning what had occurred in court. Finally, the State presented the audio recording of the District Court proceedings for September 30, 1998, which contained a recording of the Defendant's guilty pleas.[3]

We conclude that the State presented clear and convincing evidence establishing the Defendant's three prior convictions for indecent exposure in Kentucky in 1998 and that the Defendant was represented by counsel at the time of his guilty pleas. The Defendant is not entitled to relief on this issue.

### B. Merger of the Defendant's Prior Kentucky Convictions

The Defendant maintains that, even if the State's proof was sufficient to establish his three prior Kentucky convictions for indecent exposure, the trial court should have "merged" the prior convictions into one "for the purposes of calculating his range of punishment" under Tennessee Code Annotated section 40-35-106(b)(4) because the offenses took place within a twenty-four hour time span. He further contends that his prior Kentucky convictions "merge into one conviction" because the prior allegations of indecent exposure were charged under the same statutory provisions, were not lesser included offenses of each other, were against the same victim, used identical facts to prove the elements, and remedied the same harm. The State responds that the trial court was not required to merge the Defendant's three prior Kentucky convictions. We agree with the State.

First, the Defendant's reliance on Tennessee Code Annotated section 40-35-106 is misplaced. Section 40-35-106 defines a "multiple offender" as "a defendant who has received: (1) A minimum of two (2) but not more than four (4) prior felony convictions within the conviction class, a higher class, or within the next two (2) lower felony classes, where applicable[.]" Tenn. Code Ann. § 40-35-106(a). The statute further provides that:

---

[3] We note that the Defendant did not include in the record on appeal the audio recording of the guilty pleas from the District Court. When the record is incomplete, we will presume that, had all of the evidence considered by the trial court been included in the record on appeal, it would have supported the trial court's decision. See State v. Keen, 996 S.W.2d 842, 844 (Tenn. Crim. App. 1999) (citing State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991) (stating that when necessary parts of the record are missing on appeal, this court must presume that the trial court's decision was correct)).

> Except for convictions for which the statutory elements include serious bodily injury, bodily injury, threatened serious bodily injury or threatened bodily injury to the victim or victims, or convictions for the offense of aggravated burglary under § 39-14-403, convictions for multiple felonies committed within the same twenty-four-hour period constitute one (1) conviction for the purpose of determining prior convictions[.]

Tenn. Code Ann. § 40-35-106(b)(4). Although it does appear from the affidavit of complaint that the Defendant committed the Kentucky offenses within the same twenty-four hour period, the twenty-four hour merger rule found in section 40-35-106(b)(4) only applies when a trial court sentences a defendant as a multiple offender. Here, the Defendant was sentenced as a standard, Range I offender. See Tenn. Code Ann. § 40-35-105(a)(1) (providing that "[a] standard offender is a defendant not sentenced as . . . [a] multiple offender, as defined by § 40-35-106"). Thus, section 40-35-106(b)(4) does not apply to the Defendant.

Likewise, the Defendant's claim that the prior Kentucky convictions should have merged into one conviction based on double jeopardy principles is unavailing. Citing State v. Franklin, 919 S.W.2d 362, 368 (Tenn. Crim. App. 1995), the State asserts that the Defendant waived any merger defect unless he explicitly reserved the issue on appeal. In Franklin, this court held that a guilty plea waives a claim of merger and that Rule 37(b)(2) of the Tennessee Rules of Criminal Procedure required a defendant to explicitly reserve a claim of merger prior to pleading guilty. Id.; see also Cecil Eugene Brannan v. State, No. M2002-00628-CCA-R3-CD, 2003 WL 1868648, at *3 (Tenn. Crim. App. Apr. 11, 2003). However, it appears that this court has reached differing conclusions on whether a guilty plea can effectively waive a double jeopardy claim. See State v. Rhodes, 917 S.W.2d 708, 710-11 (Tenn. Crim. App. 1995). But see Franklin, 919 S.W.2d at 368. In Rhodes, this court relied on the United States Supreme Court decision of Menna v. New York, 423 U.S. 61, 62 (1975), and determined that a guilty plea does not automatically waive a double jeopardy claim when it is apparent from the record that the claim was raised before the trial court. Rhodes, 917 S.W.2d at 711. The decision in Rhodes has been followed in several other opinions from this court and appears to be the prevailing view. See State v. Ronald Woods, Jr., No. W2009-02580-CCA-R3-CD, 2010 WL 4117165, at *4-5 (Tenn. Crim. App. Oct. 20, 2010); State v. Walter Jude Dec, No. M2009-01141-CCA-R3-CD, 2010 WL 2977875, at *3-4 (Tenn. Crim. App. July 30, 2010), perm. app. denied (Tenn. Dec. 8, 2010); Dexter P. Jones v. State, No. M2003-01229-CCA-R3-PC, 2004 WL 404496, at *2-3 (Tenn. Crim. App. Mar. 4, 2004); State v. Milton Spears, Jr., No. C.C.A. 02C01-9606-CR-00197, 1997 WL 381569, at *1 (Tenn. Crim. App. July 10, 1997).

- 10 -

In any event, the record in this case reflects that the Defendant entered guilty pleas to three counts of indecent exposure in Kentucky in 1998. The trial court found that the Defendant did not file for post-conviction relief or otherwise attempt to attack his convictions in Kentucky, and it is not apparent from the record that the Defendant's double jeopardy claim was ever raised before the District Court. Accordingly, the Defendant's double jeopardy claim was waived by the entry of his guilty pleas, and the trial court did not err when it considered the Defendant's prior Kentucky convictions as three separate convictions.

## C. Finding that the Defendant was a "Sexual Offender"

Next, the Defendant asserts that the trial court erroneously determined that he was a "sexual offender." The Defendant argues that his three prior Kentucky convictions for indecent exposure are not "qualifying convictions to enhance the Defendant's indecent exposure conviction under Tennessee Code Annotated section 39-13-511." He contends that Tennessee's indecent exposure statute is "broader[] and significantly different in the elements it defines and ranges of punishment it sets out[,]" such that "a conviction under one cannot qualify as a conviction under the other." He contends that his conduct in Kentucky would constitute, at most, the offense of public indecency in Tennessee, which is not classified as a "sexual offense" in this state. The State responds that the trial court properly found that the Defendant was a "sexual offender." The State reasons that, because the Defendant's conduct in Kentucky would constitute the offense of indecent exposure under Tennessee law, the Defendant's three prior Kentucky convictions are "qualifying convictions" under Tennessee Code Annotated section 40-39-202. Moreover, the Defendant is a "sexual offender" and subject to felony indecent exposure punishment because he had a "third or subsequent conviction" for indecent exposure, which is a "sexual offense" under section 40-39-202. We agree with the State.

Because this issue concerns the construction of a statute, we review the trial court's conclusions de novo with no presumption of correctness. State v. Edmondson, 231 S.W.3d 925, 927 (Tenn. 2007) (citing State v. Denton, 149 S.W.3d 1, 17 (Tenn. 2004)). The role of courts in statutory interpretation is to "assign a statute the full effect of the legislative intent without restricting or expanding the intended scope of the statute." State v. Smith, 484 S.W.3d 393, 403 (Tenn. 2016). When statutory language is clear and unambiguous, we must look to its plain meaning and ordinary use to determine legislative intent. Id. (citing State v. Wilson, 132 S.W.3d 340, 341 (Tenn. 2004)). "In ascertaining the intent of the legislature, this [c]ourt may look to the language of the statute, its subject matter, the object and reach of the statute, the wrong or evil which it seeks to remedy or prevent, and the purpose sought to be accomplished in its enactment." State v. Collins, 166 S.W.3d 721, 726 (Tenn. 2005) (internal quotation marks and citations omitted).

In this case, the Defendant was convicted of indecent exposure in violation of Tennessee Code Annotated section 39-13-511. The statute provides, in pertinent part:

(a)(1) A person commits the offense of indecent exposure who:

(A) In a public place, as defined in § 39-11-106, or on the private premises of another, or so near thereto as to be seen from the private premises:

(i) Intentionally:

(a) Exposes the person's genitals or buttocks to another; or

(b) Engages in sexual contact or sexual penetration as defined in § 39-13-501; and

(ii) Reasonably expects that the acts will be viewed by another and the acts:

(a) Will offend an ordinary viewer; or

(b) Are for the purpose of sexual arousal and gratification of the defendant[.]

. . .

(b)(1) "Indecent exposure", as defined in subsection (a), is a Class B misdemeanor, unless subdivision (b)(2), (b)(3) or (b)(4) applies.

(2) If the defendant is eighteen (18) years of age or older and the victim is under thirteen (13) years of age, indecent exposure is a Class A misdemeanor.

(3) If the defendant is eighteen (18) years of age or older and the victim is under thirteen (13) years of age, and the defendant has any combination of two (2) or more prior convictions under this section or § 39-13-517, <u>or is a sexual offender, violent sexual offender or violent juvenile sexual offender, as defined in § 40-39-202</u>, the offense is a Class E felony.

Tenn. Code Ann. § 39-13-511 (2014) (emphasis added).

- 12 -

Under the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification and Tracking Act of 2004 ("the Act"), the term "sexual offender" means "a person who has been convicted in this state of committing a sexual offense or has another qualifying conviction[.]"  Tenn. Code Ann. § 40-39-202(19) (2014) (emphasis added). The Act does not define "qualifying conviction" but does provide an expansive definition of "conviction."  "Conviction" is defined, in relevant part, as:

> [A] judgment entered by a Tennessee court upon a plea of guilty, a plea of nolo contendere, a finding of guilt by a jury or the court notwithstanding any pending appeal or habeas corpus proceeding arising from the judgment. "Conviction" includes, but is not limited to, a conviction by a federal court or military tribunal, including a court-martial conducted by the armed forces of the United States, and a conviction, whether upon a plea of guilty, a plea of nolo contendere or a finding of guilt by a jury or the court in any other state of the United States, other jurisdiction or other country.  A conviction, whether upon a plea of guilty, a plea of nolo contendere or a finding of guilt by a jury or the court for an offense committed in another jurisdiction that would be classified as a sexual offense or a violent sexual offense if committed in this state shall be considered a conviction for the purposes of this part.

Tenn. Code Ann. § 40-39-202(1) (2014) (emphasis added).  Thus, it appears that the term "qualifying conviction" in section 40-39-202(19) echoes the requirement found in section 40-39-202(1) that, for an out-of-state conviction to be considered a "conviction" under the Act, the offense would have to be classified as a "sexual offense" under Tennessee law.  As relevant here, "sexual offense" means "[t]he commission of any act that . . . constitutes the criminal offense of . . . [i]ndecent exposure, under § 39-13-511, upon a third or subsequent conviction[.]"  Tenn. Code Ann. § 40-39-202(20)(A)(vii) (2014). Therefore, we must determine whether the acts committed by the Defendant in Kentucky would constitute the offense of indecent exposure in Tennessee and whether the Defendant had a third or subsequent conviction for such an offense.

It is apparent from the record that the acts committed by the Defendant in Kentucky would constitute indecent exposure under Tennessee Code Annotated section 39-13-511 if committed in this state.  The affidavit of complaint from Kentucky states that the Defendant pulled up to a drive-through window at a gas station three separate times, exposing his genitals to the victim each time and masturbating during the last two trips.  In Tennessee, a person can commit the offense of indecent exposure by intentionally exposing the person's genitals to another and reasonably expecting that the act will be viewed by another and that the act will offend an ordinary viewer or is for the purpose of sexual arousal and gratification of the defendant.  See Tenn. Code Ann. § 39-

- 13 -

13-511(a)(1)(A)(i)(a)-(ii)(a)-(b). Because the Defendant committed acts that would constitute the offense of indecent exposure in Tennessee, the trial court properly determined that the Defendant's third conviction for indecent exposure in Kentucky was a "sexual offense" and a "qualifying conviction" under the Act. See Tenn. Code Ann. § 40-39-202(20)(A)(vii) (defining "sexual offense" in terms of whether the act committed constitutes one of the listed criminal offenses). Accordingly, the trial court did not err by finding that the Defendant was a "sexual offender" under Tennessee Code Annotated section 40-39-202(19) and was subject to enhanced punishment as provided in Tennessee Code Annotated section 39-13-511(b)(3).

### D. Definition of "Sex Offender" in Tennessee Code Annotated section 39-13-703

Finally, the Defendant contends that the trial court erred by applying the definition of "sexual offender" found in the Act. See Tenn. Code Ann. § 40-39-202(19). He asserts that the trial court should have applied the definition for "sex offender" found in Tennessee Code Annotated section 39-13-703.[4] We disagree. Tennessee's indecent exposure statute explicitly references the Act's definition of "sexual offender." Tenn. Code Ann. § 39-13-511(b)(3). The indecent exposure statute does not mention Tennessee Code Annotated section 39-13-703 or any other section in Part 7. Applying a definition section other than the one listed in the indecent exposure statute would run afoul of the clear statutory language in section 39-13-511(b)(3). This claim is without merit.

## III. Conclusion

For the aforementioned reasons, the judgment of the trial court is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE

---

[4] The terms "sex offender" and "sex offense" are defined in section 39-13-703 for purposes of the "Tennessee Standardized Treatment Program for Sex Offenders," a program which evaluates, identifies, treats, and monitors sex offenders as they progress through the criminal justice system. Tenn. Code Ann. §§ 39-13-702(b); 39-13-703(2)-(3). Under section 39-13-703, the term "sex offender" is defined as "any person who is convicted in this state . . . of any sex offense, or if such person has been convicted in another state of an offense that would constitute a sex offense in this state[.]" Tenn. Code Ann. § 39-13-703(2). The statute defines "sex offense" to include a list of certain offenses; however, indecent exposure is not included in the list. See Tenn. Code Ann. § 39-13-703(3).