IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 9, 2017 Session

## JAMAL WATSON v. TENNESSEE BOARD OF REGENTS, ET AL.

**Appeal from the Circuit Court for Knox County**
**No. 1-273-16      Kristi M. Davis, Judge**

_____

### E2017-00014-COA-R3-CV

_____

This case involves the dismissal of a Tennessee Human Rights Act (THRA) action filed by Jamal Watson against the Tennessee Board of Regents (TBR) and Pellissippi State Community College (PSCC) (collectively the defendants). PSCC offered Watson a full-time, tenure-track position, but subsequently rescinded the offer. Watson filed a THRA case in the Circuit Court for Knox County (the trial court) against the defendants alleging race discrimination. He later filed a notice of claim for breach of contract in the Tennessee Claims Commission against the same entities. The defendants filed a motion to dismiss in the trial court alleging that the court lacked subject matter jurisdiction. The defendants asserted that Watson waived his cause of action against "any state officer or employee," pursuant to Tenn. Code Ann. § 9-8-307(b), by filing a claim against the state in the Tennessee Claims Commission. The trial court granted the motion to dismiss. Watson appeals. We reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Reversed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and JOHN W. MCCLARTY, J., joined.

Richard Everett Collins, Knoxville, Tennessee, for the appellant, Jamal Watson.

Herbert H. Slatery III, Attorney General and Reporter, Andrée S. Blumstein, Solicitor General, and Colleen E. Mallea, Assistant Attorney General, Nashville, Tennessee, for the appellees, Tennessee Board of Regents and Pellissippi State Community College.

# OPINION

## I.

During the 2014-15 academic year, PSCC hired Watson for an adjunct teaching position in its English department. While serving in that role, Watson completed the application process for a full-time, tenure-track position for an opening in the department. The process included a background check. PSCC eventually offered him the tenure-track position, which Watson accepted. Subsequently, PSCC rescinded the offer due to alleged discrepancies in his background check.

Watson then filed a complaint in the trial court. He alleged that the defendants had discriminated against him on the basis of race in violation of the THRA. While that case was pending, Watson filed a notice of breach of contract claim against the same defendants in the Tennessee Claims Commission.

After Watson filed the notice of claim with the Commission, the defendants filed a motion to dismiss in the trial court. According to the defendants, "under Tenn. Code Ann. § 9-8-307(b), [Watson] waived his cause of action when he filed a complaint in the Tennessee Claims Commission . . . ." Watson asserted, however, that "[o]nly claims against a 'state officer or employee' can be waived by the filing of a claim in the Claims Commission." He argued that "there are several ways to describe PSCC. It is an institution of the State; it is an arm of the State; it is a department or division of the State capable of employing state 'officers' and 'employees,' but it is not itself a 'state officer or employee.' "

Tenn. Code Ann. § 9-8-307 provides, in pertinent part, the following:

> (a)(1) The commission or each commissioner sitting individually has exclusive jurisdiction to determine all monetary claims against the state based on the acts or omissions of "state employees," as defined in § 8-42-101[.]
>
> \* \* \*
>
> (b) Claims against the state filed pursuant to subsection (a) shall operate as a waiver of any cause of action, based on the same act or omission, which the claimant has *against any state officer or employee*. . . .
>
> \* \* \*
>
> (h) . . . For purposes of this chapter, "state officer" or "employee" has the meaning set forth in § 8-42-101(3).

- 2 -

(Emphasis added.)

Tenn. Code Ann § 8-42-101(3) provides a comprehensive definition of "state employee." That section defines "State employee" to include, among other things, the following: (1) any person who is a state official; (2) employees of community services agencies; (3) community service agency volunteers; (4) any person designated by a department or agency head as a participant in a volunteer program; (5) as a volunteer, a person designated by the district attorney general of each judicial district as a member of a judicial district task force relating to the investigation and prosecution of drug cases; (6) persons who are members of community-based screening processes or mandatory pre-screening agents that function under title 33, chapter 6; (7) the department of mental health and substance abuse services "medical consultant;" (8) any physician, psychologist or designated professional, while acting under § 33-6-404(3)(B)(iii); (9) staff of a child advocacy center; (10) a person directly participating or selected to directly participate in the process of executing a sentence of death as a contractor or volunteer; (11) a qualified individual employed pursuant to § 68-115-203(b); and (12) directors, officers, and employees of the Doe Mountain recreation authority.

The trial court granted the defendants' motion to dismiss, finding the following:

> [T]he court is convinced that the waiver provision applies in this case . . . . As set forth above, subsection (a)(1) of the Claims Commission Act provides that the commission has "exclusive jurisdiction to determine all monetary claims *against the state based on the acts or omissions of 'state employees.'* " . . . Obviously, the plaintiff in the present case believed he had a claim against the state (PSCC) based on the acts or omissions of state employees – otherwise, he would not have filed his claim with the Claims Commission. The plaintiff now seeks to have his cake and eat it, too, by arguing that although the Claims Commission has jurisdiction to hear his claim, the waiver provision does not apply because his claim is not against a state employee. The court finds the plaintiff's argument to be contrary to a common-sense interpretation of the statute.

(Emphasis in original.) Watson timely filed a notice of appeal.

**II.**

Watson raises the following issue as quoted verbatim from his brief:

Whether the waiver provision of section 9-8-307(b) of the Tennessee Code Annotated, which expressly applies only to claims against "state officers and employees," nevertheless also applies to State entities [TBR and PSCC].

## III.

"Statutory interpretation is a question of law, which we review de novo, with no presumption of correctness given to the courts below." ***State v. Wilson***, 132 S.W.3d 340, 341 (Tenn. 2004).

## IV.

At issue in this appeal is whether the waiver provided in Tenn. Code Ann. § 9-8-307(b) extends to claims against the defendant entities. As noted in this opinion, Tenn. Code Ann. § 9-8-307(b) provides that filing a claim against the state in the Claims Commission "shall operate as a waiver of any cause of action, based on the same act or omission, which the claimant has against *any state officer or employee*." (Emphasis added.) The statute clearly and unambiguously provides a waiver for causes of action against state officers and employees. It does not, however, provide a waiver for claims against the state itself.

For the waiver to apply, the claim must be against a "state officer or employee" as defined in Tenn. Code Ann. § 8-42-101(3). Tenn. Code Ann. § 8-42-101(3) defines "state officer or employee" to encompass a broad range of individual, natural persons. The term includes state officials, various employees, specified volunteers, and designated professionals. What is missing from the definition of "state employee" is the state itself or an arm or agency of the state. Consequently, it is clear to us that neither PSCC nor TBR is a state officer or state employee under the applicable definition. Because the waiver provision in Tenn. Code Ann. § 9-8-307(b) expressly provides a waiver for claims against state officers or employees, it does not apply to the defendants who are neither state officers nor employees. We hold that, because neither PSCC nor the TBR is a state officer or employee as defined in Tenn. § 8-42-101(3), Watson did not waive his THRA cause of action against the defendants by virtue of his filing a claim in the Tennessee Claims Commission.

## IV.

The judgment of the trial court is reversed, and this case is remanded for such further proceedings as may be necessary, consistent with this opinion. The costs on

appeal are assessed to the appellees, the TBR and PSCC.

_____
CHARLES D. SUSANO, JR., JUDGE