IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 1, 2019

## ZACHARY RONALD WRIGHT v. ANGELENE HOPE WRIGHT

**Appeal from the Chancery Court for Hamilton County**
**No. 18-0283        Pamela A. Fleenor, Chancellor**

———————————————————

**No. E2018-02112-COA-R3-CV**

———————————————————

After father engaged in abusive conduct, mother petitioned for an order of protection. The trial court granted an *ex parte* order precluding father from contacting mother and their two minor children and set a hearing. Following a bench trial, the trial court held that the minor children were domestic abuse and sexual assault victims; it extended the order of protection for one year. The court permitted father supervised visitation with his biological daughter once every other week, and awarded mother child support. The court deviated from the amount of support required by the child support guidelines, and instead awarded mother $200 per week. The court did not state the amount of support that would have been ordered under the guidelines nor a justification for the variance. Father appeals. We affirm the extension of the order of protection for one year. We vacate the portion of the trial court's order requiring father to pay excess child support, and remand to the trial court with instructions to make the requisite findings, pursuant to applicable law, and consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed in Part; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which ANDY D. BENNETT and CARMA DENNIS MCGEE, JJ., joined.

David C. Veazey, Chattanooga, Tennessee, for the appellant, Zachary Ronald Wright.

Brennan M. Wingerter, Knoxville, Tennessee, for the appellee, Angelene Hope Wright.

# OPINION

## I.

Father and mother are married. They have two minor children; father is the biological parent of one. On May 16, 2018, mother petitioned the court for an order of protection against father, and requested protection for the two minor children as well.

In the petition, mother indicated that she filed the petition because father had stalked her. She alleged that she had confronted father about a series of disturbing events recounted to her by stepdaughter, and that father subsequently "called and texted [mother] all day." She refused to answer.

The disturbing events mother described in her petition occurred primarily between father and stepdaughter, but involved mother and father's biological daughter as well. Mother alleged that stepdaughter informed her that father had given her medicine to help her sleep that made her feel sick and dizzy. Mother had stepdaughter take a drug test, and concluded that father had given stepdaughter a benzodiazepine. Mother further alleged that stepdaughter told her that father had been upset with stepdaughter and at some point placed a gun to his head in front of her. This scared the stepdaughter. Mother also alleged that stepdaughter told her that father and stepdaughter "sometimes sleep naked together. [Daughter] only slept naked once[,] but him and [stepdaughter] have done it more than once."

On May 16, 2018, an *ex parte* order of protection was granted. It precluded father from having contact with mother, daughter, and stepdaughter prior to the hearing. On May 29, 2018, at father's request, the court entered an order granting a continuance. In its order, the trial court ordered father to pay child support in the amount of $200 a week to mother; no explanation was given as to how the court reached this figure. On August 6, 2018, the trial court entered an order stating that the parties agreed to another continuance; the court ordered that father shall continue to pay $200 a week in child support.

On October 22, 2018, following a bench trial, the court entered two orders: an order for supervised visitation and an order of protection for one year. In the order for supervised visitation, the court permitted father supervised visitation with his biological daughter once every other week. Father was ordered to pay all charges for the visitation.

In the order of protection, the court held that father had abused/threatened to abuse and sexually assaulted the minor children. The court did not hold that mother was a victim of stalking, which had been alleged in her petition. Instead of entering separate findings of fact or conclusions of law, the court held that petitioner "[d]id the things listed in the [p]etition" and "adopt[ed] these facts and incorporate[d] them by reference." It also

noted that father had moved to dismiss the matter at the hearing for lack of subject matter jurisdiction, and that the court denied father's motion. The court precluded father from having contact with mother or the minor children aside from the supervised visitation. The court ordered father to pay mother $200 per week in child support; it indicated that this was not in accordance with the guideline amount and stated that the "guideline support would be unjust or inappropriate in this case." The court did not explain its justification for deviating from the guidelines, and did not indicate what amount the guideline would have recommended. The protective order ends on October 22, 2019. Father appeals.

**II.**

On appeal, father asks this Court to consider:

> [w]hether the trial court erred by not dismissing the petition when [mother] did not fall under the statutory definition of domestic abuse victim.

> [w]hether the trial court erred by not dismissing the petition when [the] Juvenile Court has exclusive original jurisdiction.

> [w]hether the trial court erred by setting child support against [father] at $200 per week without referring to the Tennessee Child Support Guidelines or making written findings supporting a deviation.

**III.**

We review a non-jury case *de novo* upon the record, with a presumption of correctness as to the findings of fact unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); **Bowden v. Ward**, 27 S.W.3d 913, 916 (Tenn. 2000). We review questions of law, including those of statutory construction, *de novo* with no presumption of correctness. **Bowden**, 27 S.W.3d at 916 (citing **Myint v. Allstate Ins. Co.**, 970 S.W.2d 920, 924 (Tenn. 1998)); *see also* **In re Estate of Haskins**, 224 S.W.3d 675, 678 (Tenn. Ct. App. 2006). The trial court's determinations regarding witness credibility are entitled to great weight on appeal and shall not be disturbed absent clear and convincing evidence to the contrary. *See* **Morrison v. Allen**, 338 S.W.3d 417, 426 (Tenn. 2011).

We have stated the following regarding our standard of review for setting child support:

the adoption of the Child Support Guidelines has limited the court's discretion substantially, and decisions regarding child support must be made within the strictures of the Child Support Guidelines.

\* \* \*

Because child support decisions retain an element of discretion, we review them using the deferential "abuse of discretion" standard. ... [A] trial court will be found to have "abused its discretion" when it applies an incorrect legal standard, reaches a decision that is illogical, bases its decision on a clearly erroneous assessment of the evidence, or employs reasoning that causes an injustice to the complaining party.

*Halim v. El-Alayli*, 2017 WL 1534963, at \*6 (Tenn. Ct. App. Apr. 28, 2017) (internal citations omitted).

## IV.

Father argues that the trial court erred by failing to dismiss mother's petition, because mother did not qualify as a victim, pursuant to Tenn. Code Ann. 36-3-601 *et. seq.* He argues that

[mother] did not allege that she was a victim of domestic abuse or sexual assault. Although [mother] checked a box in the petition that [father] had stalked [mother], she did not set out any facts in the petition or at trial that would support a finding under the statutory definition of stalking. [Mother] mentioned not answering calls and texts "all day" from [father] during the day after the incident with the child, but did not indicate she felt terrorized, frightened, intimidated, threatened, harassed, or molested.

\* \* \*

All of the abuse allegations center around [mother's] step-daughter (sic) []. Although [mother] lists her two children as also needing protection, she does not name them as co-

-4-

petitioners. In the trial courts findings, [father] was found to have "abused/threatened to abuse" and "sexually assaulted" [mother's] minor children, but not [mother] herself.

While mother did not list the two minor children in the section in the form petition designated for petitioners, she did list them as individuals who needed protection from father. The facts alleged in mother's petition indicate that, in substance, mother sought an order of protection not only for herself, but also for the two minor children. The subsequent orders entered by the trial court indicate that it interpreted mother's petition as having been filed on behalf of both mother and the two minor children, and this interpretation is not contradicted by the record. Given the *pro se* nature of mother's petition, it would have been improper to dismiss mother's petition, or to refuse to hear the child abuse allegations therein, due to what amounts to a scrivener's error in completing the spaces on the form petition. *See* Tenn. Code Ann. § 36-3-604(a)(2) (stating that form orders of protection "that are filed pro se shall be liberally construed procedurally in favor of the petitioner."); *see also,* **Young v. Barrow**, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003) (holding that *pro se* litigants untrained in the law are given a certain amount of leeway); **Purswani v. Purswani**, 2019 WL 1376893, at *5 (Tenn. Ct. App. 2019) (stating that we must give effect to the substance, rather than the form of a pleading, and that pleadings prepared by *pro se* litigants untrained in the law should be measured by less stringent standards). On appeal, father does not challenge the trial court's findings that father abused/threatened to abuse and sexually assaulted the minor children. Therefore, we hold that the trial court did not err by failing to dismiss the petition.

# V.

Father argues on appeal that the trial court did not have jurisdiction to hear mother's petition, because the allegations in the petition were tantamount to those that would be made in a dependency and neglect petition. The Supreme Court held, in **Cox v. Lucas**, that the allegations in a post-divorce petition did not divest the circuit court of subject matter jurisdiction even if the petition alleged facts tantamount to a claim of dependency and neglect. *See* **Cox v. Lucas**, 2019 WL 2279226, at *3 (Tenn. May 29, 2019) (stating that "the General Assembly amended section 37-1-103 to expressly provide that a circuit court retains subject matter jurisdiction in these circumstances until and unless a pleading is filed or relief is sought in juvenile court and the juvenile court's exclusive original jurisdiction is invoked. Act of April 18, 2019, 2019 Tenn. Pub. Acts ch. 167. The General Assembly applied this amendment to all cases pending on its April 18, 2019 effective date.")

Here, there is no dependency and neglect proceeding at issue. Accordingly, despite the nature of the allegations in mother's petition, no one has invoked the exclusive original jurisdiction of the juvenile court. Therefore, we hold that the trial court had jurisdiction to hear mother's petition.

## VI.

The trial court awarded mother $200 a week in child support, which purportedly exceeds the amount mandated by the child support guidelines. Father argues that the trial court failed to adequately justify its decision to deviate from the guidelines.

"Trial courts may, in their discretion, deviate from the amount of support required by the Child Support Guidelines, *State v. Wilson*, 132 S.W. 3d 340, 343 (Tenn. 2004); *Jones v. Jones*, 930 S.W.2d at 545, but when they do, they must make specific written findings regarding how the application of the Child Support Guidelines would be unjust or inappropriate in the case. Tenn. Code Ann. § 36–5–101(e)(1)(A); Tenn. Comp. R. & Regs. 1240–2–4–.07(1)(b) []." *Richardson v. Spanos*, 189 S.W.3d 720, 725 (Tenn. Ct. App. 2005); *see also*, *Beyer v. Beyer*, 428 S.W.3d 59, 73 (Tenn. Ct. App. 2013). "Findings that the application of the guidelines would be unjust or inappropriate shall state the amount of support that would have been ordered under the child support guidelines and a justification for the variance from the guidelines." Tenn. Code Ann. § 36-5-101(e)(1)(A).

The trial court held that the evidence was sufficient to rebut the presumptive amount of child support, and held that "[t]he [c]ourt has considered the best interest of each child in this case, and finds that guideline support would be unjust or inappropriate in this case." However, the trial court failed to state the amount of support that would have been ordered under the child support guidelines. *See* Tenn. Code Ann. § 36-5-101(e)(1)(A); it also failed to state its justification for the variance from the guidelines or why the application of the guidelines would be unjust or inappropriate. *Id*. Accordingly, we vacate the portion of the trial court's order requiring father to pay excess child support, and remand to the trial court with instructions to make the requisite findings, pursuant to applicable law, and consistent with this opinion. *See, e.g., Beyer v. Beyer*, 428 S.W.3d 59, 74 (Tenn. Ct. App. 2013) (vacating and remanding to the trial court with instruction to make the requisite findings to determine whether the amount of child support in excess of the statutory threshold was reasonably necessary to provide for the best interest of the children).

## VII.

The judgment of the trial court is affirmed in part. Costs on appeal are taxed to the appellant, Zachary Ronald Wright. Case remanded for further proceedings, pursuant to applicable law, and consistent with this opinion.

_____
CHARLES D. SUSANO, JR., JUDGE